# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL F. ZAMORA, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-4510 |
| | § | |
| CITY OF HOUSTON and | § | |
| HAROLD HURTT, *in his official* | § | |
| *capacity as Police Chief for the* | § | |
| *City of Houston*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss [Doc. # 19], filed by

Defendants City of Houston ("City") and Houston Chief of Police Harold Hurtt.[1]

Plaintiffs[2] have responded [Doc. # 20] and have filed supplemental exhibits [Doc.

---

[1]   It appears from their First Amended Complaint that Plaintiffs have dropped their claims against Hurtt.  To the extent Plaintiffs intend to maintain claims against Hurtt, the Court notes that a suit against a City official in his official capacity is equivalent to a suit against the City. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Because the City is already a defendant in this case, any claims against Hurtt in his official capacity are duplicative and are **dismissed**.

[2]   Plaintiffs are Manuel F. Zamora; Rosalinda R. Falcon Ybanez; Michael J. Ybanez; David C. Garcia; Urbina P. Hernandez; Florentino C. Martinez; Cesario T. Mosqueda; Phillip J. Guerrero; Toribio R. Hernandez, Jr.; David S. Vasquez, Jr.; Heraclio A. Chavez; Xavier E. Avila; Jose Selvera, Jr.; Francis Dominguez-Eads; Jorge A. Gomez; Jesus Sosa; Macario Sosa, Jr.; Domingo Garcia, Jr.; Leroy Benavidez; Jaime
(continued...)

# 22].  The City has not replied and the deadline for doing so has passed.[3]  Upon

review of the motion, all pertinent matters of record, and applicable law, the Court

concludes that Defendant's Motion to Dismiss should be **GRANTED in part** and

**DENIED in part**.

I.      <u>FACTUAL BACKGROUND</u>

Plaintiffs are Hispanic police officers employed by the City of Houston who

allege that the City has discriminated against them on the basis of their race.

Primarily, Plaintiffs complain that the City assigned them a disproportionately

large workload due to their Spanish language skills and the City's need for Spanish

speaking officers and subjected them to less favorable working conditions than non-

Hispanic police officers.  More specifically, Plaintiffs allege that the City paid them

salaries less than non-Hispanic police officers and less than non-Spanish-speaking

bilingual officers.  They further allege that the City limited their access to training and

educational programs because of their race, placed them "on-call" more often than

non-Hispanic officers, and gave preference to non-Hispanic officers for interoffice

transfers and promotions.  Finally, Plaintiffs assert that the City retaliated against them

---

[2]      (...continued)
        Luis Escalante; Jesus Montalvo; Rudolfo A. Castaneda; Francisco T. Fernandez, II;
        Charles Zamora; Harry Zamora; and Art Mejia.

[3]      *See* HON. NANCY F. ATLAS, COURT. P. 6(A)(4), *available at* http://www.txs.uscourts.
        gov/district/judges/nfa/nfa.pdf.

for complaining about this alleged disparate treatment.  Plaintiffs claim that as a result of City policies regarding the treatment of Hispanic police officers, Hispanics are underrepresented among the supervisory ranks of the Houston Police Department and underpaid in comparison to non-Hispanic officers.

Based upon these complaints, Plaintiffs bring this lawsuit against the City for alleged violations of federal civil rights laws, cognizable under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 2000(e) *et seq.*; alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[4]; violations of § 21.007 of the Texas Labor Code; and common law defamation.  Plaintiff Montalvo additionally brings a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*  Plaintiffs seek monetary damages and injunctive

---

[4]     The City has not moved to dismiss Plaintiffs' FLSA claim or their claim under Section 21.007 of the Texas Labor Code.  As to the § 21.007 claim, the Court questions whether Plaintiffs have alleged facts in support of such a cause of action. Indeed, it is not clear whether a private right of action even exists under this section of the Texas Labor Code, which states:

> An oral or written statement made to a commissioner or an employee of the commission in connection with the discharge of the commissioner's or employee's duties under this chapter may not be the basis for an action in defamation of character.

TEX. LABOR CODE § 21.007.  Accordingly, Plaintiffs are ordered to submit an amended complaint alleging facts directed specifically towards this claim, should they wish to continue to pursue it.  Plaintiffs' counsel are reminded of their obligations under Federal Rule of Civil Procedure 11(b)(2) to ensure that any claims alleged are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

relief.  The City has moved to dismiss all claims.

## II.   <u>STANDARDS OF LAW</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Id.*  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true raise a 'right to relief above the speculative level.'"  *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964–65 (2007)); *see also Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008); *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 205 (5th Cir. 2007).  Thus, where a complaint shows on its face that it is barred by an affirmative defense, it may be dismissed for failure to state a cause of action.  *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 872–73 (W.D. Tex. 2001)

Although a court, in considering a motion to dismiss, must ordinarily limit itself

to the contents of the pleadings and attachments thereto, "documents whose contents are alleged in a complaint and whose authenticity no party questions" may be considered on a motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  In this case, Plaintiffs have attached to their response to the City's motion to dismiss various documents, including copies of documents relevant to Plaintiffs' EEOC charge.[5]  The City has not objected to Plaintiffs' submission of these documents.  Because these documents—specifically those bearing on whether Plaintiffs have exhausted required administrative remedies—may assist the Court "in making the elementary determination of whether a claim has been stated," *id.* at 498–99, the Court considers them, where appropriate, in reaching its holdings herein. *See, e.g.*, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir. 2002).

### III.   ANALYSIS

#### A.   Class Action Certification

The City contends that Plaintiffs "are attempting to file a class action," but have failed to seek class certification pursuant to Federal Rule of Civil Procedure 23. Accordingly, the City argues that absent class certification, each Plaintiff must "plead an individual cause of action against the [City]," but that "[i]t is not apparent from the

---

[5]   *See* Plaintiffs' Response to Defendants' Motion to Dismiss [Doc. # 20], Exhs. 2–3.

5

Complaint which cause of action is being asserted by which Plaintiff."[6]   Given

Plaintiffs' position that they are not proceeding as a class,[7] the City's position is well-

taken.

"[T]he recovery of compensatory . . . damages in Title VII cases requires

individualized and independent proof of injury to, and the means by which

discrimination was inflicted upon, each [Plaintiff]." *Allison v. Citgo Petroleum Corp.*,

151 F.3d 402, 419 (5th Cir. 1998) (citing *Patterson v. P.H.P. Healthcare Corp.*, 90

F.3d 927, 938–44 (5th Cir. 1996)).   "An individual plaintiff in a private, non-class

action alleging employment discrimination is not litigating common questions of fact,

but the discrete question of whether the employer discriminated against the plaintiff

in a specific instance." *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir.

1998), *vacated on other grounds*, 527 U.S. 1031 (1999).  This analysis extends to any

other non-class action claim asserted by  individual plaintiffs:  Each plaintiff must

plead and prove her or his individual claims.

In this case, Plaintiffs, in their First Amended Complaint, allege broadly that

---

[6]      Defendants' Motion to Dismiss [Doc. # 19], at 6.

[7]      *See* Plaintiffs' Response to Defendants' Motion to Dismiss [Doc. # 20], at 10
("Because Plaintiffs do not seek to certify a class action in this case, Defendant's
argument that Plaintiffs did not follow the requirements of [Federal Rule of Civil
Procedure] 23 are [sic] moot.").

they —"Plaintiffs"—have experienced the same discriminatory conduct by the City.[8]

Although Plaintiffs have sufficiently alleged causes of action,[9] many of the allegations

are not particularized as to individual plaintiffs.  In some instances, Plaintiffs

specifically allege that "each" of them suffered similar harms.[10]  However, Plaintiffs

also allege specifically that Plaintiff Domingo Garcia, Jr., was denied a transfer

because he is Hispanic and that Plaintiff Manual Zamora was denied a promotion

because he is Hispanic.[11]  Manual Zamora also complains that the City "spread false

and defamatory rumors" about him.[12]  Thus, it is unclear whether all Plaintiffs are

alleging claims associated with alleged City policies regarding transfers and

promotions and whether all Plaintiffs are asserting defamation claims.  Similarly,

---

[8]     *See* Plaintiffs' First Amended Complaint [Doc. # 18], ¶ 6 ("Because there is an
inadequate number of Hispanic police officers or officers who otherwise speak
Spanish, Plaintiffs . . . are required to handle far more work than other officers."); ¶ 9
("Plaintiffs are not fairly compensated for the translation services that they provide
to the City . . . ."), ¶ 13 ("Plaintiffs are not given the same opportunities for increased
pay as their non-Hispanic counterparts."), ¶ 17 ("Plaintiffs [are] required to work in
excess of forty hours per week without overtime in violation of FLSA laws.").

[9]     *See infra* Sections III.B.1, III.B.2.b.

[10]    *See id.* ¶ 8 ("Each Plaintiff has complained or opposed . . . discriminatory conduct and
has been retaliated against in violation of anti-retaliation provisions of federal
and state laws . . . ."), ¶ 9 ("Each Plaintiff is subject to . . . disparate workload . . . ."), ¶ 23
("Each Plaintiff has been subjected to either retaliation . . . or disparate discipline as
compared to non-Hispanic officers.").

[11]    *Id.* ¶¶ 21, 25.

[12]    *Id.* ¶ 26.

Plaintiffs claim that the City's creation of the "Chicano Squad" results in disparate pay and work for "Plaintiffs" as a group. However, it is not clear whether all Plaintiffs are members of this squad. They also allege that they all were denied overtime pay in violation of the FLSA,[13] but it is not clear whether all Plaintiffs held non-exempt positions under the FLSA or whether some were in supervisory or management positions exempt from the overtime provisions of the FLSA.

Thus, because Plaintiffs are obligated to plead causes of action specific to each of them, they are directed to file an amended complaint that complies with the notice pleading standards of Federal Rule of Civil Procedure 8(a) clarifying the claims asserted by each individual plaintiff, with reference to the specific policy or practice giving rise to that individual's alleged harm.[14]

## B.   <u>Civil Rights Claims</u>

Relying on the same recitation of facts, Plaintiffs allege violations of three separate provisions of federal civil rights law, 42 U.S.C. § 1981, 42 U.S.C. § 1983,

---

[13]     *Id.* ¶ 18.

[14]     Plaintiffs' common law defamation claims are being dismissed. *See infra* Part III.C. To the extent Plaintiffs are able to substantiate a defamation claim under Section 21.007 of the Texas Labor Code, *see supra* note 4, they must specify which Plaintiffs seek to proceed with such a claim.

For purposes of discovery and later proceedings, each Plaintiff's right to recovery will be limited to injuries caused by the policies, practices, and wrongs that s/he respectively alleges in the forthcoming amended complaint.

and 42 U.S.C. § 2000e *et seq.*, commonly known as Title VII of the Civil Rights Act of 1964 ("Title VII").  The City argues first, that Plaintiffs' § 1981 and § 1983 claims are preempted or subsumed by Title VII and second, that Plaintiffs have failed to exhaust administrative remedies required to pursue a Title VII claim.  The City further argues that Plaintiffs have failed to allege sufficient facts demonstrating entitlement to relief. Accordingly, the City seeks dismissal of all three claims.

### 1.    42 U.S.C. § 1981 and 42 U.S.C. § 1983

The City, relying on *Jackson v. City of Atlanta*, 73 F.3d 60, 63 (5th Cir. 1996), asserts that "Title VII is the 'exclusive means by which an employee may pursue a discrimination claim,'"[15] and that, therefore, Plaintiffs' § 1981 and § 1983 claims must be dismissed.  The City's reliance on *Jackson* is misplaced as that holding in the case has been repudiated.  *See Evans v. Houston*, 246 F.3d 344, 356 n.9 (5th Cir. 2001) (citing *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 549 (5th Cir. 1997)). "[E]ven if a plaintiff alleges the same conduct for both Title VII and § 1981 claims, he or she may seek redress under both statutes, so long as the 'conduct violates both Title VII and a separate constitutional or statutory right.'" *Id.* (quoting *Southard*, 114 F.3d at 549).   Section 1981, however, provides a right of action against private actors.

---

[15]    Defendant's Motion to Dismiss [Doc. # 19], at 3.

*Oden v. Oktibbeha County*, 246 F.3d 458, 463 (5th Cir. 2001) (citing *Runyon v. McCrary*, 427 U.S. 160, 174–75 (1976)). Because Plaintiffs bring suit against a local government entity, they may only assert a cause of action under § 1983.[16] *Oden*, 246 F.3d at 462–64 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989)). Accordingly, Plaintiffs' 42 U.S.C. § 1981 claim is dismissed.

In order to pursue their § 1983 claim, Plaintiffs must first demonstrate a violation of a constitutional or statutory right separate from Title VII. In this case, Plaintiffs have not specifically alleged a separate violation. However, "a public sector employee may assert claims of racially discriminatory employment practices under both Title VII and [§] 1983 because the Constitution provides a right independent of Title VII to be free from race discrimination by a public employer." *Southard*, 114 F.3d at 549–50 (collecting cases). Plaintiffs have pled facts alleging racially discriminatory employment practices by a public employer and thus, have satisfied this pleading requirement.

Contrary to the City's position, and subject to the Court's direction that Plaintiffs must clarify and individualize their claims,[17] Plaintiffs have also satisfied all other pleading requirements necessary to assert their § 1983 claim. "[L]ocal

---

[16]    Plaintiffs do not appear to dispute this proposition, as they offer no arguments in support of maintaining their § 1981 claim.

[17]    *See supra* Section III.A.

governments may be the targets of a § 1983 action where official policy or governmental custom is responsible for a deprivation of rights protected by the Constitution." *Bennett v. Slidell*, 728 F.2d 762, 766 (5th Cir. 1984). Where, as here, Plaintiffs assert that the execution of City policies led to their injuries, they must "identify the polic[ies], connect the polic[ies] to the [C]ity itself[,] and show that the particular injury was incurred because of the execution of [those] polic[ies]." *Id.* at 767.

The City complains that Plaintiffs have not sufficiently identified specific policies that discriminate on the basis of race and have not "established a causal link between the alleged [constitutional and statutory] violation[s] and a City policy or a City policy maker."[18] However, at this stage in the proceedings, Plaintiffs are merely required to plead facts which, if proven, would entitle them to relief, and they have done so, so long as they individualize their claims. FED. R. CIV. P. 8(a); *see, e.g.*, *Lindquist*, 525 F.3d at 386 ("The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." (internal quotations omitted)). Plaintiffs identify several specific City policies that allegedly discriminate against Hispanic

---

[18]    *Id.* at 4–5.

police officers with respect to their working conditions and pay.[19]  Whether Plaintiffs

will ultimately be able to prove these allegations—or injuries or damages caused by

such practices—remains to be determined.  They have, however, pled sufficient facts

to put the City fairly on notice of the claims against it.  *See id.*  The City's motion to

dismiss Plaintiffs' 42 U.S.C. § 1983 claim is denied.

### 2.     Title VII

#### a.     Exhaustion of Administrative Remedies

##### i.     Plaintiffs' Race-Based Claim

"Title VII requires employees to exhaust their administrative remedies before

seeking judicial relief."  *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008)

(citing *Pacheto v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).  "Exhaustion occurs

when the plaintiff files a timely charge with the EEOC [Equal Employment

Opportunity Commission] and receives a statutory notice of right to sue."  *Taylor v.

Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan

Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)).  The City argues that "[i]t is not

apparent from the pleadings that all of the named parties to this action have timely

---

[19]     *See* Plaintiffs' First Amended Complaint [Doc. # 18], ¶¶ 9 (alleging that the City has
a "policy of failing to hire sufficient numbers of Spanish speaking officers," which
leads to Hispanic officers receiving "disparate workloads" for which they are not
"fairly compensated"); 11–12 (describing the police department's "Chicano Squad,"
and its disparate impact on Hispanic officers); 13 (alleging a City "policy of paying
Hispanic officers less than non-Hispanics").

filed and received statutory notices to file suit in federal court."[20]  Accordingly, the City asserts that Plaintiffs' Title VII claims must be dismissed.  Plaintiffs appear to concede that not all of them have pursued relief from the EEOC.[21]  However, they argue that because they are all members of the Organization of Spanish Speaking Officers ("OSSO") and because OSSO filed an EEOC charge on behalf of some officers, all members of OSSO and, hence, all Plaintiffs, should be deemed to have exhausted their administrative remedies.

An EEOC charge of discrimination may be made "on behalf of a person claiming to be aggrieved . . . by any person, agency, or organization."  29 C.F.R. § 1607.7(a).  Although "[t]he written charge need not identify by name the person on whose behalf it is made[, t]he person making the charge . . . must provide the [EEOC] with the name, address[,] and telephone number of the person on whose behalf the charge is made."  *Id.*  In this case, Plaintiffs have provided the Court with a copy of the EEOC "Dismissal and Notice of Rights" letter received by OSSO, apparently in response to a charge of discrimination filed by the organization.[22]  Plaintiffs have also

---

[20]     Defendants' Motion to Dismiss [Doc. # 19], at 2.

[21]     *See* Plaintiffs' First Amended Complaint [Doc. # 18], ¶ 32 ("Certain Plaintiffs have recently filed or will be filing Charges of Discrimination with the [EEOC]."); Plaintiffs' Response to Defendants' Motion to Dismiss [Doc. # 20], at 3.

[22]     *Id.*, Exh. 2: "Dismissal and Notice of Rights."  Plaintiffs assert that this letter is in reference to an EEOC charge relevant to this lawsuit.  The letter itself does not
(continued...)

provided a document that purports to lists the persons on whose behalf OSSO filed an EEOC charge.[23]   Of the twenty-six names on the list, twelve are plaintiffs in this suit[24]; fourteen plaintiffs in this case are not on the list and—with the exception of three plaintiffs who have submitted individual right-to-sue letters[25]—do not appear to have filed an EEOC charge or received a notice of right to sue.[26]   Nonetheless,

---

[22]   (...continued)
indicate the content of the EEOC charge to which it refers.  However, because all Plaintiffs have alleged race-based claims, and as the City has lodged no objections to the document, the Court assumes that the OSSO charged alleged racial discrimination by the City relevant to this lawsuit.

[23]   *Id.*, Exh. 3: "Interested Parties and List of Complainants." This document is unauthenticated.  However, the City has not objected to its authenticity.  Accordingly, the Court accepts it as an accurate list of individuals on whose behalf OSSO filed the EEOC charge relevant to this lawsuit.

[24]   The twelve Plaintiffs who appear on the list are:  Urbina P. Hernandez; Florentino C. Martinez; Cesario T. Mosqueda; Phillip J. Guerrero; David S. Vasquez, Jr.; Heraclio A. Chavez; Xavier E. Avila; Jose Selvera, Jr.; Jorge A. Gomez; Macario Sosa, Jr.; Leroy Benavidez; and Jaime Luis Escalante.

[25]   *See* Plaintiffs' Supplemental Response to Defendants' Motion to Dismiss [Doc. # 22]. Plaintiffs Rodolfo A. Castaneda,, Toribio R. Hernandez, Jr., Jaime Luis Escalante, Michael Ybanez, and Jorge A. Gomez have provided right-to-sue letters from the EEOC.  Escalante and Gomez also appear on the OSSO list.  As with the OSSO right-to-sue letter, it is not clear that these Plaintiffs' EEOC charges were related to the claims raised in this suit.  However, absent any objection from the City, the Court deems these letters sufficient to demonstrate that these Plaintiffs have exhausted their administrative remedies.

[26]   Those who have not established that they have filed a charge of discrimination with the EEOC and received a right-to-sue letter are:  Manuel F. Zamora; Charles Zamora; Harry Zamora; Art Mejia; Rosalinda R. Falcon Ybanez; David C. Garcia; Frances Dominguez-Eads; Jesus Sosa; Domingo Garcia, Jr.; Jesus Montalvo; and Francisco T. Fernandez II.

because—as the Court discusses further below—discovery may commence on this race-based claim as to the plaintiffs who were parties to the OSSO EEOC charge, and because the scope of discovery for the race-based claims of the plaintiffs who have exhausted their claims should overlap substantially with discovery for plaintiffs who were not parties to the OSSO charge, the Court declines to dismiss any of the race-based Title VII claims for lack of exhaustion at this time.  The overlapping discovery may proceed on all Plaintiffs.  However, if by  ninety days prior to the close of discovery, Plaintiffs Manual F. Zamora, Charles Zamora, Harry Zamora, Art Mejia; Rosalinda R. Falcon Ybanez, David C. Garcia, Frances Dominguez-Eads, Jesus Sosa, Domingo Garcia, Jesus Montalvo,[27] and Francisco T. Fernandez have not received a statutory notice of their right to sue from the EEOC, their Title VII claims will be dismissed.  Individualized discovery on these Plaintiffs may begin once the EEOC has issued a notice of right to sue.

The City further contends that, notwithstanding some Plaintiffs' failure to pursue relief before the EEOC on their Title VII claims, the EEOC right-to-sue letter some Plaintiffs have received is insufficient to satisfy Plaintiffs' exhaustion requirement.  Specifically, the City argues that because Plaintiffs have brought their Title VII claims against a governmental entity, they must receive a right-to-sue letter

---

[27]    Plaintiff Montalvo has additionally alleged a claim for age and gender discrimination that is discussed separately in Section III.A.2.a.ii, *infra*.

from the United States Attorney General, rather than from the EEOC.

Pursuant to 42 U.S.C. § 2000e-5(f)(1):

> If a charge filed with the [EEOC] . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, . . . the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .

The Fifth Circuit has strictly interpreted this language to require that a plaintiff seeking to bring a Title VII claim against a government entity "await the action of the Justice Department before commencing [a] lawsuit." *Hendrix v. Mem'l Hosp. of Galveston Cty*, 776 F.2d 1255, 1257 (5th Cir. 1985).  Plaintiffs point out that since the *Hendrix* court issued that pronouncement, the EEOC—with the agreement of the Department of Justice—revised its regulations governing this issuance of right-to-sue letters.  The relevant regulation now states: "In all cases where the respondent is a government, governmental agency, or a political subdivision, the [EEOC] will issue the notice of right to sue where there has been a dismissal of a charge."  29 C.F.R. § 1601.28(d); *see Hiller v. Oklahoma ex rel. Used Motor Vehicle & Parts Comm'n*, 327 F.3d 1247, 1250 (10th Cir. 2003).

In light of this amendment to federal regulations, courts have split on the proper interpretation of § 2000e-5(f)(1).  Some courts have held that "the statutory language

and structure [of § 2000e-5(f)(1)] contemplate that the [EEOC] will issue right to sue notices in cases involving a governmental unit when it does not find probable cause." *Dougherty v. Barry*, 869 F.2d 605, 611 (D.C. Cir. 1989).  "Other courts have determined the statute is unambiguous in cases involving a governmental entity, expressly requiring the Attorney General, not the EEOC, to issue the notice in all cases involving a governmental respondent."  *Hiller*, 327 F.3d at 1250–51 (citing *Hendrix*, 775 F.2d at 1256–57; *Fouche v. Jekyll Island State Park Auth.*, 713 F.2d 1518, 1524 (11th Cir. 1983)).  Plaintiffs, relying on the D.C. Circuit's decision in *Dougherty*, assert that *Hendrix* has been abrogated and that their failure to obtain a right-to-sue letter from the U.S. Attorney General is no bar to their lawsuit.  The Court does not agree.

Despite the apparent ambiguity between the statutory language of Title VII and the amended relevant federal regulation regarding the source of a right-to-sue letter in this context, the Fifth Circuit's position has remained consistent:  "[A] person seeking to file a Title VII lawsuit against a government, governmental agency, or political subdivision, must first be issued a right-to-sue letter by the Attorney General of the United States." *Garrett v. City of Houston*, 102 F. App'x 863, 864 (5th Cir. 2004). This Court is bound by the Fifth Circuit's rule, despite evidence that the U.S. Attorney General, even when asked to provide a right-to-sue letter to a plaintiff

seeking to bring suit against a governmental entity, currently refuses to do so.  *See, e.g.*, *Johnson v. City of Houston*, No. H-07-4516, 2008 U.S. Dist. LEXIS 49748, at *3–*7 (S.D. Tex. June 30, 2008) (Froeschner, Mag.) (reprinting a letter received by the plaintiff from the Department of Justice stating: "[I]n light of [29 C.F.R. § 1601.28(d)], it would be improper for the Department of Justice to issue a notice-or-right-to sue on this charge and we decline to do so.").  The Court therefore holds that Plaintiffs must at least attempt to fulfill this statutory prerequisite by requesting a right-to-sue letter from the Department of Justice on their Title VII claims.  *See Morimoto v. Univ. of N. Tex. Sys.*, No. 4:05CV431, 2006 U.S. Dist. LEXIS 15523, at *5–*6 (E.D. Tex. Mar. 20, 2006) (Bush, Mag.).  Because issuance of a right-to-sue letter is not a jurisdictional prerequisite, *Pindard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982), the Court will not dismiss Plaintiffs' race-based Title VII claims on this ground at this time.  *See, e.g.*, *Jackson-Hall v. Gulfport Sch. Dist.*, No. 1:06-CV-534-LG-JMR, 2007 U.S. Dist. LEXIS 61108, at *4–*8 (S.D. Miss. Aug. 20, 2007) (Guirola, J.).  However, their failure to seek a right-to-sue letter and to obtain a response from the Department of Justice by the close of discovery will result in dismissal of these claims.  *Cf. Clanton v. Orleans Parish Bd.*, 649 F.2d 1084, 1095 n.13 (5th Cir. 1981).

ii.    **Plaintiff Montalvo's Age- and Gender-Based Claims**

The Court's conclusions regarding exhaustion of administrative remedies is slightly different as to the unique claims raised by Plaintiff Montalvo.  Montalvo alleges that "in addition to being discriminated against because he is Hispanic, [he] has suffered age and gender discrimination."[28]  Specifically, Montalvo claims that he was removed from his position at the Houston Police Department Academy due to his age and gender, and that he received "reduced" duties in his new position as a result of discriminatory practices by the City.[29]  Montalvo thus brings claims under Title VII's gender provisions, as well as the ADEA.

Although Montalvo asserts in Plaintiffs' First Amended Complaint that he recently received a right-to-sue letter from the EEOC regarding his individual claims,[30] neither that letter, nor any letter from the U.S. Attorney General, has been provided to the Court, despite the City's position that statutory preconditions to this suit have not been met.  Montalvo, like those Plaintiffs asserting race-based Title VII claims against the City, must demonstrate that he has fulfilled all necessary prerequisites before he can pursue his age and gender claim.  However, because discovery on Montalvo's unique claims will not be substantially the same as that conducted in furtherance of Plaintiffs' race-based claims, Montalvo is directed to

---

[28]    Plaintiffs' First Amended Complaint [Doc. # 18], ¶ 29.

[29]    *Id.*

[30]    *Id.* ¶ 31.

show cause in writing within fourteen calendar days of the date of this Memorandum and Order why his age and gender claims should not be severed and discovery stayed until such time as he can demonstrate that the EEOC and the Department of Justice have reviewed his case.[31]

### b.  Failure to Plead Sufficient Facts

The City next contends that Plaintiffs have failed to plead sufficient facts to establish their race-based Title VII claims and that Montalvo has failed to state a claim for age-discrimination under the ADEA.[32]  Subject to the Court's order that Plaintiffs individualize their claims,[33] the Court is unpersuaded.  Plaintiffs have alleged some detail concerning the conduct giving rise to their discrimination claims.  They have identified various City practices and policies that have allegedly had a disparate impact on Hispanic police officers.  Plaintiffs also have provided specific examples of such practices and policies and the outcomes about which they complain to satisfy the notice pleading standards of Federal Rule of Civil Procedure 8(a).[34]

---

[31]     If Montalvo prefers, he may litigate all of his claims, including the race-claims, in the new action.

[32]     The City does not argue that Montalvo has failed to plead a gender-based Title VII claim.

[33]     *See supra* Section III.A.

[34]     *See id.* ¶¶ 11–15, 17, 20.  Plaintiffs are reminded that in their new complaint, each Plaintiff respectively must allege all policies and practices on which s/he relies for
(continued...)

In addition, Plaintiff Montalvo has alleged that he was removed from his position at the Houston Police Department Academy, reassigned, and given reduced duties because of his age.  The City argues, without citation to any authority, that this does not constitute an adverse employment action under the ADEA.  This argument is rejected.  Montalvo's allegations amount to a claim that he was demoted on account of his age, which can constitute an actionable adverse employment action.  *Evans v. City of Houston*, 246 F.3d 344, 350 (5th Cir. 2001); *see also Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004).  At this stage of this proceeding, these factual allegations are sufficient.

The City further objects to Montalvo's failure to specifically allege that he was treated differently than younger police officers.  *See, e.g.*, *Rachid v. Jack in the Box*, 376 F.3d 305, 309 (5th Cir. 2004) ("To establish a *prima facie* case of age discrimination, [a plaintiff] must show that, [*inter alia*] . . . [he] was either . . . replaced by someone younger, or . . . otherwise [suffered an adverse employment action] because of [his] age.").  This objection lacks merit.  Montalvo's allegations of age discrimination have put the City fairly on notice of his claim.[35]  Whether

---

[34]    (...continued)
        her/his claims for relief  *See supra* note 14.

[35]    However, as the Court held in Section A.2.a.ii, *supra*, discovery may not commence on this claim until a decision is made by the Court whether Montalvo has exhausted his administrative remedies and whether Montalvo's age- and gender-based claims
                                                                        (continued...)

Montalvo will ultimately prevail in establishing his claim remains to be seen, but that is an issue for summary judgment or trial and will not be determined on a motion to dismiss.

### C.   Defamation Claim

Plaintiffs next allege that the City "spread false and defamatory rumors" about at least one Plaintiff who complained about the discriminatory treatment he claims he suffered by the City. The City argues that this common law defamation claim must be dismissed because of the City's governmental immunity and Plaintiffs' failure to obtain a waiver of immunity.  Plaintiffs respond that because they are only seeking injunctive relief on this cause of action, sovereign immunity is no bar to their defamation claims.[36]

---

[35]   (...continued)
should be severed from Plaintiffs' collective claims.

[36]   It is not altogether clear from Plaintiffs' First Amended Complaint what relief is sought for each alleged cause of action.  A careful reading of the complaint indicates that Plaintiffs are only seeking monetary damages for "violations of . . . statutes" and for "FLSA violations."  *See* Plaintiffs' First Amended Complaint [Doc. # 18], ¶¶ 33–34.  As to their request for injunctive relief, Plaintiffs specifically seek, *inter alia*, an injunction requiring the "removal of false and disparaging information from Plaintiffs' personnel files." *Id.* ¶ 35(e).  Regardless, governmental immunity protects government entities from both suit from money damages and "from lawsuits that seek to control the actions of the [governmental unit] by a final judgment made by a court of law."  *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 100 S.W.3d 510, 515 (Tex. App.—Austin 2003, pet. denied) (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002); *Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265–66 (Tex. 1980)).  Thus, the fact that
(continued...)

"Governmental entities are traditionally immune from suit except for areas in which immunity has been waived." *Inman v. City of Katy*, 900 S.W.2d 871, 872 (Tex. App.—Corpus Christi 1995, no pet.). In Texas, "governmental immunity to suit is only waived and abolished to the extent of liability created by the Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101.025." *Baker v. City of Galveston*, 907 S.W.2d 879, 889 (Tex. App.—Houston [1st Dist.] 1995, writ denied). The Tort Claims Act provides a limited waiver of immunity from suit for certain claims, but not for intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057(2). "Defamation is defined under Texas law as an intentional tort." *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995) (citing *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston 1995, no pet.); *see also Collins v. Ison-Newsome*, 73 S.W.3d 178, 182 (Tex. 2001); *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.). Accordingly, as a governmental unit, the City cannot be sued on this claim and it is dismissed. *See, e.g.*, *Reeves v. Tex. Dep't of Ins.*, No. 05-07-00020, 2007 Tex. App. LEXIS 8894, at *4 (Tex. App.— Dallas Nov. 8, 2007, no pet.); *Meroney v. City of Colleyville*, 200 S.W.3d 707, 710 (Tex. App.—Ft. Worth 2006, pet. granted, judgm't vacated w.r.m.);

---

[36]   (...continued)
Plaintiffs are seeking only injunctive relief on this claim is insufficient to defeat the City's motion to dismiss.

*Tex. State Tech. College v. Wehba*, No. 11-05-00287-CV, 2006 Tex. App. LEXIS 1918, at *6 (Tex. App.— Eastland Mar. 9, 2006, no pet.); *Leatherwood v. Prairie View A & M Univ.*, No. 01-02-01334-CV, 2004 Tex. App. LEXIS 1455, at *7 (Tex. App.—Houston [1st Dist.] Feb. 12, 2004, no pet.); *Town of Flower Mound v. Milton*, No. 05-02-00214-CV, 2003 Tex. App. LEXIS 1956, at *2 n.1 (Tex. App.—Dallas Mar. 6, 2003, pet. denied).

### D.   <u>Improperly Added Plaintiffs</u>

Finally, the City objects to the addition of three new Plaintiffs to this action in Plaintiffs' First Amended Complaint.  The City contends that the deadline to join parties was June 2, 2008, but that Plaintiffs' First Amended Complaint was not filed until June 3, 2008.  The City's position lacks merit.  On June 2, 2008, Plaintiffs filed an unopposed motion for leave to file their amended complaint.  In their motion, Plaintiffs explained that their amended pleading was timely filed, both because it was being filed in advance of the pleading amendments deadline, and also because it was being filed in advance of the deadline to add new parties.[37]  Attached to the motion was Plaintiffs' proposed amended complaint, listing the three new plaintiffs.  Even though the Court did not grant Plaintiffs' motion until June 3, 2008, their motion was timely filed and fully complied with the Court's scheduling order.  The parties were

---

[37]     *See* Plaintiffs' Unopposed Motion for Leave to Amend Complaint [Doc. # 16], ¶ 3.

properly added and will not be dismissed from this case on these grounds.

IV.     **CONCLUSION**

Plaintiffs' civil rights claims under 42 U.S.C. § 1981 and their common law defamation claims are dismissed.  Plaintiffs may proceed on their Title VII, 42 U.S.C. § 1983, and FLSA claims, provided they submit an amended complaint clarifying which claims and theories of relief are being asserted by each Plaintiff.  In addition, with respect to Plaintiffs' race-based Title VII claim, in order to comply with Fifth Circuit precedent, each Plaintiff must fulfill all necessary prerequisites to suit as specified in this Memorandum and Order or suffer dismissal of the claim.  Plaintiff Montalvo must also fulfill all statutory prerequisites to his age- and gender-based discrimination claims and must show cause why these claims should not be stayed until he has done so and severed from the common claims alleged by all Plaintiffs. Further, because it is not clear that Plaintiffs' claim under Section 21.007 of the Texas Labor Code is cognizable, Plaintiffs must specifically address this claim in their amended complaint.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 19] is **GRANTED in part and DENIED in part**.  It is further

**ORDERED** that all Plaintiffs must file a sufficient charge of discrimination with the EEOC, receive a right-to-sue letter from the EEOC within ninety days of the

close of discovery, and attempt to procure a right-to-sue letter from the Department of Justice by the close of discovery.  The Title VII claims of any Plaintiff who fails to do so will be dismissed.  It is further

ORDERED that Plaintiff Jesus Montalvo is to **SHOW CAUSE** in writing, within **fourteen days** of this Memorandum and Order why his age and gender discrimination claims should not be severed from this action and discovery stayed until such time as he has complied with all statutory prerequisites to suit.  It is further

ORDERED that Plaintiffs must file, by the pleading deadline,[38] an amended complaint that complies with Federal Rule of Civil Procedure 8(a), clarifying the harms allegedly suffered by each individual Plaintiff and the relevant City policy or practice giving rise to that harm. Plaintiffs also must assert facts specifically directed towards their § 21.007 claim, should they wish to proceed with that theory.  It is further

ORDERED that Harold Hurtt is **DISMISSED** from this lawsuit.

SIGNED at Houston, Texas, this **15th** day of **August, 2008.**

_____
Nancy F. Atlas
United States District Judge

---

[38]     *See* Scheduling Order [Doc. # 15] (setting a September 12, 2008, deadline for filing amended pleadings).