IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL F. ZAMORA, et. al. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO. 4:07-CV-4510 |
| | § | |
| CITY OF HOUSTON, | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### TABLE OF CONTENTS

Page(s)

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Nature and Stage of Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue No. 1:   Plaintiffs have not exhausted their administrative remedies regarding the claims alleged in their Complaint.  *National Assn. Of Gov't Employees v.  City of San Antonio* 40 F.3d 698 (5th Cir. 1994) . . . . . . . . . 1

Issue No. 2:   Plaintiffs cannot prove a *prima facie* case of disparate impact/disparate treatment discrimination. *Stout v. Baxter Healthcare Corp.*  282 F.3d 856, 860 (5th Cir. 2002).  *Lee v. Kansas City Southern Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue No. 3:   Plaintiffs cannot prove a  *prima facie*  case of retaliation. *Lemaire v. State of Louisiana,* 480 F.3d 383, 388 (5th Cir. 2007). . . . . . . . . . . . . . . . 1

Issue No. 4:    Defendant articulated a legitimate, non-discriminatory reason for its actions.  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). . . . . . . 1

Issue No. 5:    Plaintiffs have not met the applicable statute of limitations for Title VII and FLSA.  42 U.S.C. § 2000e-5(e)(1).   *Gettridge v. Civic Center Site Development Co.,* 2002 WL 126574 (E.D. La. 2002). . . . . . . . . . . . . . . . . 1

Issue No. 6:   Plaintiffs cannot bring identical claims under both Title VII and 42 U.S.C. § 1983. *Parker v. Mississippi State Dep't of Pub. Welfare,* 811 F.2d 925, 927 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Arguments  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument and Authority  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.      Plaintiffs Failed to Exhaust Administrative Remedies with the EEOC in Some of Their Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.     C. Zamora's Discrimination and Retaliation Claims Must Fail As A Matter of Law  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.      C. Zamora cannot establish a *prima facie* case of discrimination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.      Defendant has provided a legitimate, non-discriminatory, reason for its actions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        C.      C. Zamora cannot prove that Defendant's actions were pretextual . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        D.      C. Zamora cannot establish a *prima facie* case of retaliation  . . . . . . . . . 14

III.    Fernandez' Discrimination and Retaliation Claims Must Fail As A Matter of Law  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        A.      Fernandez cannot establish a *prima facie* case of discrimination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        B.      Fernandez cannot establish a *prima facie* case of retaliation  . . . . . . . . . 16

IV.     Escalante's Discrimination Claims Must Fail As A Matter of Law  . . . . . . . . . . . . 18

        A.      Escalante cannot establish a *prima facie* case of disparate

                impact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

       B.    Escalante's claims are not protected by Title VII . . . . . . . . . . . . . . . . . . . 19

V.    M. Zamora's Discrimination and Retaliation Claims Must Fail As A
Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

       A.    Most of M. Zamora's claims are not properly before this Court
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

       B.    M. Zamora cannot establish a prima facie case of disparate
treatment discrimination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

       C.    M. Zamora cannot establish a *prima facie* case of retaliation . . . . . . . . . 20

VI.    Mosqueda's and Hernandez' Claims of FLSA Violations, Discrimination,
and Retaliation Must Fail . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

       A.    Mosqueda's and Hernandez' FLSA claims not properly before
this Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

       B.     Mosqueda and Hernandez cannot establish a *prima facie* case
of disparate impact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

       C.    Mosqueda cannot establish a *prima facie* case of retaliation . . . . . . . . . 23

VII.    Plaintiffs' U.S.C. Section 1983 Claims Are Superseded By Title VII . . . . . . . . . . 26

Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## TABLE OF AUTHORITIES

**Case(s)**

*Alvarado v. Texas Rangers*  492 F.3d 605 (5th Cir. 2007)

*Armstrong v. City of Dallas,* 997 F.2d 62, 65 (5th Cir. 1993)

*Arredondo v. Gulf Bend Center,* 2007 WL 1004051 (S. D. Tex. 2007)

*Arrrieta v. Yellow Transportation, Inc.,* 2008 WL 5220569 (N. D. Tex. 2008)

*Baker v. American Airlines,* 430 F.3d 750,753 (5th Cir. 2005)

*Banks v. East Baton Rouge Parish Sch. Bd.,* 320 F.3d 570, 575 (5th Cir. 2003)

*Benningfield v. City of Houston,* 157 F.3d 369, 376-77 (5th Cir.1998)

*Brown v. CSC Logic, Inc.,* 82 F.3d 651, 658 (5th Cir. 1996)

*Burger v. Cent. Apartment Mgmt., Inc.,* 168 F.3d 875, 879 (5th Cir. 1999)

*Burlington Northern & Santa Fe Ry., Co., v. White,* 548 U.S. 53, 68 (2006)

*Cavazos v. Springer,* 2008 WL 2967066, (S.D. Tex 2008)

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)

*Click v. Copeland,* 970 F. 2d 106 (5th Cir. 1992)

*Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1085 (5th Cir. 1994)

*EEOC v. Louisiana Office of Community Servs.,* 47 F.3d 1448( 5th Cir 2004)

*Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991)

*Gettridge v. Civic Center Site Development Co.,* 2002 WL 126574 (E.D. La. 2002)

*Grimes v. Texas Dept. Of Mental Health,* 102 F.3d 137, 140 (5th Cir. 1996)

*Grosskpof v. Potter* 2007 WL 2428151 (W.D. Tex. 2007)

*Hart v. Life Care Ctr. Of Plano,* 243 Fed. Appx. 816, 818 (5th Cir. 2007)

*Lee v. Kansas City Southern Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009)

*Lemaire v. State of Louisiana,* 480 F.3d 383, 388 (5th Cir. 2007)

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)

*McClain v. Lufkin Indus., Inc.,* 519 F.3d 264 (5th Cir. 2008)

*McDade v. Smurfit-Stone, Inc.,* 2006 435315 (N.D. Tex. 2006)

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)

*McFall v. Gonzales,* 143 Fed. Appx. 604, 607 (C.A.5 (Tex.) 2005)

*Montalvo v. City of Houston,* 2010 WL 1945741 (S.D. Tex. 2010)

*Moore v. Texas Department of Public Safety,* 2009 WL 6067065 (N.D. Tex.)

*National Assn. Of Gov't Employees v. City of San Antonio* (5th Cir. 1994)

*National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101 (2002)

*Pacheco v. White Consolidated,* 189 F.3d 466 (5th Cir. 1999)

*Parker v. Mississippi State Dep't of Pub. Welfare,* 811 F.2d 925, 927 (5th Cir. 1987)

*Pierce v. Tex. Dep't. of Transportation* 2002 WL 31757635 (N.D. Tex. 2002)

*Roman v. Atrium Companies Inc.*  2009 WL 4059044

*Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970)

*Scales v. Slater* 181 F.3d 703 (5th Cir.1999).

*Serna v. City of San Antonio,* 244 F.3d 479 (5th Cir. 2001)

*Smith v. Potter* 629 F. Supp. 2d 644, 653 (S.D. Miss. 2009)

*St. Mary's Honor Center v. Hicks,* 509 U.S. 502

*Stout v. Baxter Healthcare Corp,* 282 F.3d 856, 860 (5th Cir. 2002)

*Strong v. University Health Care System, L.L.C.,* 482 F.3d 802, (5th Cir. 2007)

*Szabo v. Errisson,* 68 F.3d 940, 942 (5th Cir. 1995)

*Tanik v. Southern Methodist Univ.,* 116 F.3d 775 (5th Cir. 1997)

*Tex. Dept. Of Cnty. Affairs v. Burdine,* 450 U.S. 248, 255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)

## RULES AND STATUES

42 U.S.C. § 1981

42 U.S.C. § 1983

42 U.S.C. § 2000e-5(a),(e)(1)

Fed. R. Civ. P. 56(c)

Title VII of Civil Rights Act 1964

Fair Labor Standards Act

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, the City of Houston, (hereinafter "Defendant"), herein and files this its Motion for Summary Judgment in the above-entitled cause of action pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Defendant seeks summary judgment on all such claims because there exist no genuine issues as to the material facts regarding each claim and the City is entitled to summary judgment as a matter of law.  In support thereof, the City would show the Court as follows:

## NATURE AND STAGE OF PROCEEDING

This is an employment discrimination suit brought against the City.  Plaintiffs allege that Defendant is in violation of the Title VII, FLSA and 42 U.S.C. § 1983.

## STATEMENT OF THE ISSUES

**Issue No. 1:** Plaintiffs have not exhausted their administrative remedies regarding the claims alleged in their Complaint.  *National Assn. Of Gov't Employees v.  City of San Antonio* (5th Cir. 1994)

**Issue No. 2:** Plaintiffs cannot prove a *prima facie* case of disparate impact/disparate treatment discrimination. *Stout v. Baxter Healthcare Corp.*  282 F.3d 856, 860 (5th Cir. 2002). *Lee v. Kansas City Southern Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009).

**Issue No. 3:**  Plaintiffs cannot prove a *prima facie* case of retaliation. *Lemaire v. State of Louisiana,* 480 F.3d 383, 388 (5th Cir. 2007).

**Issue No. 4:** Defendant articulated a legitimate, non-discriminatory reason for its actions.  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

**Issue No. 5:** Plaintiffs have not met the applicable statute of limitations for Title VII and FLSA.  42 U.S.C. § 2000e-5(e)(1).   *Gettridge v. Civic Center Site Development Co.,* 2002 WL 126574.

**Issue No. 6:** Plaintiffs cannot bring identical claims under both Title VII and 42 U.S.C. § 1983.  *Parker v. Mississippi State Dep't of Pub. Welfare,* 811 F.2d 925, 927 (5th Cir. 1987).

## SUMMARY OF THE ARGUMENTS

Plaintiffs have failed to exhaust their administrative remedies, with respect to some of their discrimination claims.  Plaintiffs fall short of establishing *prima facie* cases for discrimination and retaliation.  Defendants articulated a legitimate, non-discriminatory, business reason for its actions. Plaintiffs did not meet the applicable statute of limitation for Title VII and FLSA.  Finally, Plaintiffs cannot bring identical causes of action under both Title VII and 42 U.S.C. § 1983

## FACTS

Plaintiffs in this case are all Hispanic officers or former officers in the Houston Police Department ("HPD" and/or "Department"). (EX 18)  They serve in various capacities and in various Divisions within the Department. (EX 18) In fact, all of the officers have either promoted within the Department and/or worked in Units of their choice.(EX 18)  Plaintiffs filed this lawsuit generally alleging that the Houston Police Department through its policies and practice discriminates against Hispanics. (See Plaintiffs' Second Amended Pleading) The Department's Executive Command Staff has 14 chiefs and 3 are Hispanic. (EX 15) However, Plaintiffs claim that they are not represented at the highest levels of management. (See Plaintiffs' Second Amended Pleading)  The most recent Academy classes have had nearly 400 Hispanic cadets. (EX 16) However, Plaintiffs argue that they are over-worked because the Department does not hire enough Hispanic officers. (See Plaintiffs' Second Amended Pleading) Plaintiffs allege that they are discriminated in terms of pay and other working conditions because they are Hispanic. (See Plaintiffs' Second Amended Pleading)  However, Plaintiffs, as well as all officers in HPD, are paid according to their rank and seniority, salaries are definite and not based on race. (EX

2

23) Some of the working conditions Plaintiffs describe as discriminatory and in violation of established law are dealing with on-call policy and days off policies,  (See Plaintiffs' Second Amended Pleading) yet, the Department never denied Plaintiffs overtime, and did make significant changes to its on-call policies in 2005. (EX 1)  Finally, the officers in this suit complain that Hispanics are not allowed the opportunity to work prestigious assignments. (See Plaintiffs' Second Amended Pleading) However, the Plaintiffs in this suit have worked in various divisions throughout the Department, including: Narcotics, Vice, Homicide, Human Resources, Gang, and Crime Analysis. (EX 18)  The Plaintiffs, despite their allegations, have diversified work experiences at HPD. (EX 18)   The Department is positively moving towards it's mission of striving to reflect the ethnic and cultural make-up of the community it serves. (EX 8)

Plaintiffs do not assert violations of employment laws, instead they are voicing their personal concerns and asking the Court to second-guess the individual the Department's business decisions. (See Plaintiffs' Second Amended Pleading) This lawsuit began with twenty-six (26) individual Plaintiffs, at the time of this filing only six (6) remain[1]. (See Plaintiffs' Second Amended Pleading) Plaintiffs individually and collectively filed charges of discrimination with the EEOC alleging discrimination and

---

[1] The remaining Plaintiffs are: Jaime Escalante ("Escalante"), an officer, he has been employed with the Department since 1981 and has worked in the Northeast and Homicide Divisions; Francisco Fernandez ("Fernandez"), a sergeant, he has been employed with the Department since 1999 and has worked in the Central, Southeast, Juvenile, and Vice Divisions; Toribio Hernandez ("Hernandez"), a sergeant, he has been employed with the Department since 1977 and has worked in the Traffic/Accident, North, Special Operations, Burglary & Theft, Homicide, and Internal Affairs Divisions; Cecil Mosqueda ("Mosqueda"), a sergeant, he has been employed with the Department since 1974 and has worked in the Central, Northeast, and Homicide Divisions; Christopher Zamora ("C. Zamora").  , an officer, he has been employed with the Department since 2006 and has worked in Westside, Gang ("CRU"), and Central Divisions; and Manuel Zamora ("M. Zamora"), a lieutenant, he has been employed with the Department since 1982 and has worked in Southwest, Jail, Westside, Homicide, Chief's Administration, Professional Development, Training Academy, Field Training, Personnel, Civ Employment, Employment Services, Human Resouces, and Criminal Analysis Divisions.

retaliation. (EX 1) In December 2007, Plaintiffs filed this lawsuit claiming that the Defendant's conduct was in violation of Title VII of Civil Rights Act 1964, 42 U.S.C. § 1983, and Fair Labor Standards Act. Defendant answered stating that it did not violate any of the aforementioned laws and its actions were lawful and in furtherance of a legitimate business reason that was in the best interests of the City of Houston.

## STANDARD OF REVIEW

Summary judgment is proper if the evidence shows the existence of no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the District Court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  See *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  A party is entitled to summary judgment only if the pleadings, depositions, answers to interrogatories, admissions and affidavits before the court at the time of summary judgment show that there is no  genuine issue of material fact.  See *Fields v. City of South Houston,* 922 F.2d 1183, 1187 (5th Cir. 1991).

Once the moving party carries its burden of proving that here is no material factual dispute, the burden shifts to the non-movant "to show that summary judgment should not lie."  *Hopper v. Frank,* 16 F.3d 92, 96 (5th Cir. 1994).  While the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-movant, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial.  See *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  This requires the non-moving party to do "more than simply

show that there is some metaphysical doubt as to the material facts.  *See Id.*

The non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions, on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp.,* 477 U.S. at 324.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. See *Szabo v. Errisson,* 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1085 (5th Cir. 1994).

## ARGUMENT AND AUTHORITY

### I.  Plaintiffs Failed To Exhaust Administrative Remedies With the EEOC In Some of Their Claims.

Plaintiffs Escalante, Fernandez, Hernandez, Mosqueda, and M. Zamora allege that they receive a modest stipend, which has not increased in over 20 years, for their demonstrated fluency in Spanish. They claim that the low amount of this stipend has a disparate impact on Hispanics, because a much higher percentage of HPD officers who are Hispanic qualify for the bilingual pay  stipend than do non-Hispanics.   The Plaintiffs argue that in contrast the City has consistently increased over time the amount of the stipend for certain educational achievements, such as obtaining a college degree, which disproportionately benefits Caucasian officers. (See Plaintiffs' Second Amended Pleading)

In their EEOC charges, Escalante, Hernandez, and Mosqueda address the following matters: Subjection to racist remarks; Disparate treatment for pay and rank; Denial of promotional opportunities; Denial of in-service training because of heavy workload; Denial of days off to study for promotional opportunities; Denial of College/University and Job Training programs; Discriminatory practices in

assigning on-call duty status and schedules; Discriminatory practices in providing days off; Disparate treatment with performance standards; Race based favoritism; Discriminatory practices in the assignment of take home vehicles; Discrimination regarding hiring and promotion.  However, their lengthy seven (7) page charge did not make any mention of the bilingual stipend or the educational incentive which allegedly is more beneficial to Caucasians.

Likewise in his EEOC charge, Fernandez discusses: being assigned extra work because of his Spanish speaking skills; not being allowed to transfer because of his caseload; reduced staff of Spanish speakers; and being denied overtime. These topics do not address a policy or practice regarding bilingual pay or an educational incentive.  Fernandez fails to mention having a concern with bilingual pay or educational incentive pay, not giving the EEOC the opportunity to investigate the claim.[2]

Finally in his charges, M. Zamora addresses: Disparate impact regarding the Captain's promotional examination and Assistant Chief selections; Retaliation and hostile work environment due to his national origin, Hispanic; Disparate treatment regarding Lieutenant assignments; Retaliation because he filed a Charge of discrimination with the EEOC and for filing this lawsuit.  Again, none of the items specifically listed in M. Zamora's lengthy charges, describe a neutral policy or practice regarding bilingual pay and/or educational incentive that discriminates against Hispanics in the Houston Police Department.  All of his claims, except for the allegations about the Captain's promotional examination, instead, require a disparate treatment analysis, thus, his disparate impact claim has not

---

[2] The Court should note thatFernandez receives both bilingual pay and educational incentive. (EX 2)

6

been investigated by the EEOC.[3]

Although specifically alleged in their pleading, in reviewing  the EEOC Charges of the above-mentioned Plaintiffs, none of them addressed the disparity between the bilingual pay stipend and educational incentives which they assert disproportionately benefits Caucasions.  (EX 1) Thus, Plaintiffs have not exhausted their administrative remedies as to this claim.  "Failing to assert a claim of discrimination in the EEOC charge precludes a plaintiff from including that claim in a later civil suit. *National Assn. Of Gov't Employees v.  City of San Antonio* (5th Cir. 1994).  Moreover, to permit a disparate impact claim to be raised in a civil suit, when it was not raised in the EEOC charge, would circumvent the EEOC's investigatory and conciliatory role.  *McDade v. Smurfit-Stone, Inc.,* 2006 435315 (N.D. Tex. 2006).

C. Zamora's disparate impact claims regarding receiving less desirable work assignments than non-Hispanic officers, asserted in Plaintiff's Second Amended Complaint,  was not alleged in his EEOC charge of discrimination.  Instead, he only complains of intentional discrimination and disparate treatment.

Fernandez pleads his case as a disparate impact claim, stating, "The City had a policy of assigning Hispanic members of the Juvenile Sex Crimes Unit far more work than was assigned to non-Hispanics in the Unit." (See Second Amended Complaint) However, this claim was not investigated by the EEOC.  Instead, Fernandez' administrative claim describes disparate treatment.

Here, most of the claims listed in each of the EEOC charges facially allege disparate treatment,

---

[3]The Court should note that M. Zamora receives both educational incentive pay and bilingual pay (EX 2)

the only arguable disparate impact claims are those involving promotions, work schedules, on-call assignments, and discriminatory practices regarding assignment of take home vehicles.  Thus, there are no claims of disparate impact as alleged in the pleadings .[4]  Accordingly, this Court should rule as the Fifth Circuit did in *Pacheco*, finding that a disparate impact investigation could not reasonably have been expected to grow out of Plaintiffs' administrative charges.  Thus, their administrative requirements have not been met and these claims should fail as a matter of law.

**II.  C. Zamora's Discrimination and Retaliation Claims Must Fail As A Matter of Law.**

Title VII prohibits covered employers from, among other things, discharging an employee or otherwise discriminating against "any individual with respect to [his or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  The Court looks to the *McDonnell Douglas* indirect, inferential framework to address discrimination claims.  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  Under the burden shifting standard applicable to Title VII claims, a plaintiff claiming discrimination must establish a prima facie case by demonstrating that he: (1) he belongs to a protected group; (2) that he was qualified for the position: (3) that he suffered an adverse employment action; and (4) that, under nearly identical circumstances, he was treated less favorably than similarly

---

[4]The leading case in the Fifth Circuit that addresses this matter is *Pacheco*.  In *Pacheco*, like here, Plaintiff was an Hispanic employee and brought suit against his employer alleging racial discrimination and asserting Title VII claims for disparate treatment and disparate impact.  The Court reviewed the case not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which "can be reasonably be expected to grow out of the charge of discrimination." citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970).  They engaged in a fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and looked slightly beyond its four corners, to its substance rather than its label.  The Court found that a disparate impact claim could not reasonably have been expected to grow out of Pacheco's administrative charge because of the following matters taken together: (1) it facially alleged disparate treatment; (2) it identified no neutral employment policy; and (3) it complained of past incidents of disparate treatment only.

situated employees who were not members of the protected class.  *Roman v. Atrium Companies Inc.*

2009 WL 4059044 citing *Lee v. Kansas City Southern Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009).  A

plaintiff's prima facie case creates an inference of intentional discrimination that shifts the burden back

to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action.

*McDonnell Douglas*, 411 U.S. at 802.  However, "at all times, the burden of persuasion falls on the

plaintiff."  *Baker v. American Airlines,* 430 F.3d 750, 753 (5th Cir. 2005) *see also St. Mary's Honor*

*Center v. Hicks,* 509 U.S. 502 (1993).

### A.  C. Zamora cannot establish a *prima facie* case of discrimination.

Plaintiff C. Zamora is Hispanic, thus he is a member of a protected class, he is a police officer

within the Houston Police Department and is qualified as such.  He was reassigned from working in

the Crime Reduction Unit to Central Patrol, this does not constitute an adverse employment action.

For Title VII discrimination claims in the Fifth Circuit, adverse employment actions are discharges,

demotions, refusals to hire, refusals to promote, and reprimands." *Alvarado v. Texas Rangers* 492 F.3d

605 (5th Cir. 2007).  Transfers are not listed and are only considered adverse employment actions when

they are regarded as demotions. *Click v. Copeland,* 970 F. 2d 106 (5th Cir. 1992).

C. Zamora's transfer to Central Patrol was not a demotion.  His title, compensation, and

benefits remained the same. (EX 18) He admits that his job duties did not change, stating,  "I was in

a patrol car. My responsibilities as an officer did not change."  When specifically asked, "what you're

doing today in patrol in Central Patrol , is it the same as what you are doing in CRU?"  "My opinion, it's

the same." P. 29, l 10-24.[5]   C. Zamora has not suffered an adverse employment action as it is defined in the Fifth Circuit.  He did not experience a loss of pay or benefits; there is no objective evidence in the record to establish that his promotional opportunities were hampered; there is no objective evidence that regular patrol is an objectively worst assignment than CRU; and finally it is not apparent that C. Zamora had a negative perception of the move, he instead insists that his job was the same.

The final prong in establishing a *prima facie* case of race discrimination  is determining whether a plaintiff was subjected to disparate treatment.  C. Zamora cannot establish the last prong of a *prima facie* case.   He has not cited any comparators or persons similarly situated to him that engaged in identical conduct that were not transferred out of the unit for the same conduct.  To satisfy the fourth element of a *prima facie* case, the '"plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Roman v. Atrium Companies Inc.* 2009 WL 4059044 citing *Lee v. Kansas City Southern Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009). This is a significant burden for C. Zamora.

Defendant has presented evidence regarding C. Zamora's substandard performance, which did not make him a good fit in CRU. (EX 3-5) C. Zamora, on the other hand, has not presented to this Court any specific persons outside of his protected class that served as officers in the CRU, with limited experience, under the supervision of Lieuteant Casko and Sergeant Myskowski, with continuous

---

[5].  In an analogous case, *Serna v. City of San Antonio,* 244 F.3d 479 (5th Cir. 2001) the Fifth Circuit concluded that the evidence was insufficient to establish that the transfer of an officer from the Downtown Foot and Bike Patrol Unit to a regular patrol unit in another part of San Antonio was a demotion.  The Court reasoned that the officer suffered no loss of pay or benefits; there was no objective evidence that his promotional opportunities were hampered by the transfer; there was not evidence that regular patrol was an objectively worst assignment; and all of the officer's negative perception of the move was purely subjective.

performance issues that were not transferred to another patrol unit.

C. Zamora casually mentions that "officers with a history of exhibiting aggression and posing safety hazards were allowed to remain, including officers who pointed loaded carbines at motorists, and an officer whose mishandling of a loaded weapon resulted in a self-inflicted gunshot wound." These assertions as stated in the Second Amended Complaint are vague.  When asked specifically about these matters in deposition, C. Zamora's answers were still vague.  He mentioned Officer Kelley, stating that Officer Kelley backed into a parked vehicle in his patrol car, but he was not sure whether or not Office Kelley was disciplined for this matter. (EX 22 Pg. 118).  The Department is not aware of this incident. (EX 5)    Moreover, C. Zamora admitted that he was not sure of the outcome of the situation, leaving this Court with limited evidence to establish Officer Kelley as a comparator.  C. Zamora also stated that Officers Tagle and Morelli left a loaded pistol on a booked prisoner.  ( EX 22, pg. 137, lns. 8-11).  Both Officers Tagle and Morelli are Hispanic, and not outside of C. Zamora's protected class. (EX 6, p. 25, lns. 14-17).  Finally, C. Zamora mentioned an Officer Barber.  He stated that Officer Barber would point carbines at motorists on traffic stops.  The Department has not been able to substantiate  this naked allegation.[6]  (EX 5)  It is C. Zamora's burden to establish the persons he identifies as comparators engaged in nearly identical conduct as he did.  He has failed to do this. Ultimately, C. Zamora cannot establish a *prima facie* case of racial discrimination and his claims must

---

[6]The employment actions being compared in disparate treatment cases will be deemed to have been taken under nearly identical circumstances.  Meaning,  the employees being compared must have the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.  And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions.  *Lee v. Kansas City Southern Railway Co.,* 574 F.3d 253 (5th Cir. 2009).

fail as a matter of law.

**B.  Defendant has provided a legitimate, non-discriminatory reason for its actions.**

However, if this Court finds that C. Zamora has established a *prima facie* case of race/national

origin discrimination, the burden of production shifts to the employer to articulate legitimate, non-

discriminatory reasons for any alleged unequal treatment.  The employer's offer of a legitimate non-

discriminatory reason for alleged unequal treatment of the plaintiff employee eliminates the

presumption of discrimination created by the plaintiff's *prima facie* case of discrimination.  *McDonnell,*

411 U. S. 792, 802-02 (1973).

C. Zamora was assigned to work in CRU in October 2007.  (EX 18)  In less than six months

in the position, he exhibited problems working in the Unit.  Some of the documented problems included

poor report writing, poor knowledge of the law, inability to complete assigned tasks, irresponsibility,

and failure to be accountable for his actions.  (EXS 3-5, & 6, p. 71)  C. Zamora was encouraged to

leave the Unit. (EXS 3-5, & 6, p. 71).  In addition C. Zamora was made aware of his performance

issues and chose not to accept responsibility for his actions and improve. (EXS 3-5, & 6, & 6 p. 78)

The Department has  provided very detailed reasons for its employment decisions.   Thus, the City's

offer of a legitimate reason eliminates the presumption of discrimination created by Plaintiff's *prima*

*facie* case *Tex.  Dept. Of Cnty. Affairs v. Burdine,* 450 U.S. 248, 255 (1981).

Therefore, because the City has produced evidence to support a legitimate, non-discriminatory

reason for encouraging C. Zamora to leave the CRU,  his claims are based solely on his subjective

perception.  The presumption of discrimination created by Plaintiff's *prima facie* showing is eliminated.

12

*McDonnell* 411 U. S. 792 (1973).

### C.  C. Zamora cannot prove that Defendant's actions were pretextual.

The City has offered a legitimate non-discriminatory reason for its actions, thus in order to establish a fact question on the issue of pretext, Plaintiff must present evidence indicating that the nondiscriminatory reason given by the employer is false or not credible, *and that the real reason for the employment action was unlawful discrimination." Scales v. Slater* 181 F.3d 703 (5th Cir.1999).

Plaintiff has provided a myriad of explanations opposing the City's actions. Such as: my reports were fine; I knew the law; my supervisors didn't counsel me enough; I wasn't given supported documentation, etc. (EX 22, p. 78-91)  It is apparent that Defendant and C. Zamora have different perceptions of his performance; however, Plaintiff's subjective opinions regarding the facts are irrelevant for discrimination claims.   Plaintiff has to prove that the City's actions were based on a discriminatory motive in order to establish pretext.  The Court is not the proper venue for C. Zamora to challenge the employment decision, here, he is confined to persuading the Court that Defendant's actions were based on illegal discrimination.  *See Montalvo v. City of Houston,* 2010 WL 1945741 (S.D. Tex. 2010).  Thus, Plaintiff cannot survive summary judgment merely because he disagrees with Defendant's assessment of his performance.  It is very justifiable for a supervisor to encourage an employee to leave a Unit if they are not meeting the core expectations of the job.  Furthermore, the employment discrimination laws are not intended to be a vehicle for judicial second-guessing of business decisions, nor... to transform the courts into personnel managers.  *EEOC v. Louisiana Office of Community Servs.,* 47 F.3d at 1448 5th Cir 2004).

Additionally, Defendant would ask this Court to apply the same actor inference approved by the Fifth Circuit in *Brown v. CSC Logic, Inc.,* 82 F.3d 651, 658 (5th Cir. 1996).  The inference is: "'claims that employer animus exists in termination but not in hiring seem irrational.'  From the standpoint of the putative discriminator, 'it hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job.'"   In applying this inference to the case,  C. Zamora admits in his deposition that Lt. Casko and Sgt. Myskowski selected him to work in the CRU.  ( EX 22, p. 17, lns. 5-9).  Likewise, it was Lt. Casko that encouraged him to leave CRU, in less than six months from his hire.  (EX 6, p. 71, lns. 8-11) If this Court applies the same actor inference here, Plaintiff will not be able to establish the pretext necessary to overcome the *McDonnell* burden-shifting test and the Defendant's legitimate business reason for termination will stand.

### D. C. Zamora cannot establish a *prima facie* case of retaliation.

Likewise C. Zamora cannot establish a *prima facie* case of retaliation.  A plaintiff establishes a *prima facie* case for unlawful retaliation by proving: (1) that he or she engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal connection exists between the protected activity and the adverse employment action.  *Lemaire v. State of Louisiana,* 480 F.3d 383, 388 (5th Cir. 2007).  C. Zamora does not meet any of these elements.

C. Zamora did not engage in protected activity, prior to his transfer.[7]  An employee has

---

[7] Defendant only focuses on the transfer as that is the only materially adverse action alleged.  The other complaints asserted in the Second Amended Complaint are trivial.  The Supreme Court emphasized the materiality requirement, finding it "important to separate significant from trivial harms."  *Burlington N. & Santa Fe Ry. Co. V. White,* 548 U.S. 53, 68 (2006)

14

engaged in protected activity if he or she has (1) opposed any practice made an unlawful employment practice by statute, or (2) made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding, or hearing. *Grimes v. Texas Dept. Of Mental Health,* 102 F.3d 137, 140 (5th Cir. 1996). C. Zamora asserts that his father filed this lawsuit and he was retaliated against. (EX 22, p. 72, lns. 18-22) Meaning, his father, not him, engaged in protected activity. The law does not protect C. Zamora in this manner, he needs to show this Court, that he engaged in protected activity and he has not done this.

Even if this Court does find C. Zamora engaged in a protected activity, the retaliation claim still fails because he cannot establish that Lieutenant Casko, was aware that this lawsuit had been filed at the time that he recommended the transfer. (EX 6, p. 100, lns. 5-7) Accordingly, there is no causal connection between the protected activity and the adverse employment action. C. Zamora fails to establish a *prima facie* case of retaliation.

### III. Fernandez Discrimination and Retaliation Claims Must Fail As A Matter of Law.

#### A. Fernandez cannot establish a *prima facie* case of discrimination.[8]

Fernandez fails to establish a *prima facie* case because he has not alleged any adverse employment action as that is defined by the Fifth Circuit. Plaintiff's chief complaint is that he had a discriminatory workload. "Neither receiving an increased workload nor being assigned undesirable tasks constitutes an adverse employment action, because neither is an ultimate employment decision.

---

[8] Defendant uses the same caselaw and analysis for a prima facie case of discrimination used in Part II of this Motion.

*Arrrieta v. Yellow Transportation, Inc.,* 2008 WL 5220569 (N. D. Tex. 2008)[9]. Fifth Circuit caselaw is very solid on this point, Fernandez' complaint of hard work is not actionable, because it is not an adverse employment action. Which means that he falls short of establishing a *prima facie* case of race discrimination.

### B. Fernandez cannot establish a *prima facie* case of retaliation.

Fernandez further claims that he complained to HPD's Employee Representative Council ("ERC")[10] regarding a discriminatory workload and, in retaliation, HPD unfairly criticized Fernandez' job performance. Fernandez' retaliation claims fail, because he cannot establish a *prima facie* case of retaliation.

Fernandez did not engage in protected activity. An employee has engaged in protected activity if he or she has: (1) opposed any practice made an unlawful employment practice by statute; or (2) made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding, or hearing. *Grimes v. Texas Dept. Of Mental Health,* 102 F.3d 137, 140 (5th Cir. 1996). On the other hand, "complaints to employers that do not complain of conduct protected by Title VII do not constitute protected activity under the statute." *Cavazos v. Springer,* 2008 WL 2967066, (S.D. Tex 2008) citing, *Burlington Northern & Santa Fe Railway Co. v. White* 548 US at 58.

---

[9] *See Hart v. Life Care Ctr. Of Plano,* 243 Fed. Appx. 816, 818 (5th Cir. 2007) (holding that employee's being assigned more difficult tasks than Hispanic coworkers did not constitute adverse employment action); *Benningfield v. City of Houston,* 157 F.3d 369, 376-77 (5th Cir.1998) (holding that being assigned an unusually heavy work load is merely an administrative matter and not an adverse employment action.)

[10] The ERC will encourage the identification and resolution of work-related issues from all employees. The ERC will also assist in the development of policies and procedures acceptable to employees while adhering to the department's values and guiding priniciples. (EX 10)

Fernandez filed an issue with the ERC on November 2, 2006. (EX 7) The issue addressed, "a shortage of Spanish speaking officers in the Juvenile Sex Crimes Unit, which resulted in an overwhelming caseload and disproportionate amount of work for existing Spanish speaking officers, and unfair and equitable (sic) service to the Hispanic/Latino community."  Fernandez' proposed resolution "was for the Department to provide immediate assistance by furnishing more officers, pso's, investigators, or translators to work with the investigations... and that the Department approve overtime for these mentioned officers."

The issue did not mention any employment practice made unlawful by Title VII, nor does it mention, Fernandez' race or national origin, it is merely a cry for help.  Per Departmental policy, the ERC is not the appropriate venue to file discrimination complaints.  The General Order addressing *Discrimination and Harassment* clearly states that discrimination and harassment will be immediately reported to: Internal Affairs Division; ADR, Employee Relations Section; the EEOC; or the TWC, Civil Rights Division. (EXS11 & 23)  While the ERC is addressed in a separate General Order and is handled through a totally different process.  Since Fernandez' issue doesn't mention any complaints of unlawful discrimination, he does not meet the first prong of establishing a *prima facie* case of retaliation.

Finally, Fernandez has not plead any actions the Department took against him that would be considered materially adverse.  He complains of being challenged regarding his work performance. (See Second Amended Complaint)  In *Burlington,* the Supreme Court concluded that instead of the "ultimate employment decision" standard, an employee suffers an adverse employment action if " a

17

reasonable employee would have found the challenged action to be materially adverse.  When in this context, "materially adverse means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Although an analysis as to what is materially adverse is highly fact specific, there is caselaw that supports that receiving a lowered performance rating alone would not dissuade a reasonable worker from making a charge of discrimination.  *See Moore v. Texas Department of Public Safety,* 2009 WL 6067065 (N.D. Tex.)  Moreover, the Court must note that Fernandez was allowed to transfer to a division of his choice, Vice and since he filed this suit, he promoted to Sergeant. (EX 18)  Thus, Fernandez' has not suffered any materially adverse situation since filing his issue with the ERC.  Since Ferndandez cannot meet his burden of establishing a *prima facie* case of retaliation this claim, too, shall fail as a matter of law.

## IV.  Escalante's Discrimination Claims Must Fail As a Matter of Law.

### A.  Escalante cannot establish a *prima facie* case of disparate impact.

Escalante  claims that the Northeast Patrol Division has adopted a policy that does not take into account seniority in determining such matters as which personnel get holidays off and are assigned new patrol cars.  He asserts that failure to consider seniority has a disparate impact on Hispanics. (See Second Amended Pleading)

To establish a *prima facie* case of disparate impact, a plaintiff must both: (1) identify the facially neutral employment practice that has the allegedly disproportionate impact; and (2) establish causation by offering statistical evidence to show that the practice in question has resulted in prohibited discrimination.  *Stout v. Baxter Healthcare Corp.* 282 F.3d 856, 860 (5th Cir. 2002).  Ordinarily, a *prima*

*facie* disparate impact case requires a showing of a substantial "statistical disparity between protected and non-protected workers in regards to employment or promotion." It is arguable as to whether Escalante identifies a facial neutral employment practice that has a disproportionate impact on Hispanics. However, Escalante undoubtedly fails to offer any statistical evidence that shows that failure to consider seniority has a disparate impact on Hispanics. His unsubstantiated allegations are not enough to raise a fact issue of disparate impact discrimination.

### B.  Escalante's claims are not protected by Title VII.

Further, seniority, regarding matters such as holidays off and assigned new patrol cars are not properly before this court as they do not affect pay, benefits, or level of responsibility. Which is what Title VII protects. Courts have found that a change in scheduled days off and not issuing an employee a certain type of vehicle do not constitute adverse employment actions.[11]

### V.  M. Zamora's Discrimination and Retaliation Claims Must Fail As A Matter of Law.

### A.  Most of M. Zamora's claims are not properly before this Court.

M. Zamora claims that he has been discriminated against because he has not been promoted to Assistant Chief. Prior to filing this lawsuit, the most recent Assistant Chief appointment occurred in May 2006. (EX 14 & 23)  Under Title VII , a plaintiff shall file an employment discrimination charge with the EEOC 300 days after an "alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).  Moreover, a one-time employment event, including the failure to promote, is a discrete action

---

[11]*See Grosskpof v. Potter* 2007 WL 2428151 (W.D. Tex. 2007) & *Smith v. Potter* 629 F. Supp. 2d 644, 653 (S.D. Miss. 2009) & *Pierce v. Tex. Dep't. of Transportation* 2002 WL 31757635 (N.D. Tex. 2002).

that "constitutes a separate actionable 'unlawful employment practice,'" and therefore, should place an employee on notice that a cause of action has accrued.  *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101 (2002).  Meaning, if M. Zamora complains of not being appointed Assistant Chief, he was required to file a Charge of Discrimination with the EEOC, no later than February 2007, for the claim to be considered timely.  M. Zamora filed his charge on December 20, 2007, long after the statute of limitations had passed.  This claim must fail.  Further, the Assistant Chief appointed in May 2006, John Trevino, a Hispanic male, is in Plaintiff's protected class.

Additionally, M. Zamora's disparate impact claims regarding the Captain's promotional examination is not properly before this Court. The Final ranking list, subject to this lawsuit was posted on August 16, 2006, this list remained in effect until February 15, 2009.  Once the list is posted, the Department selected persons on the list as Captain vacancies occurred . M. Zamora ranked in the Top 25 Eligibles for Promotion, he was ranked 14.  Thus, at the time this lawsuit was filed, M. Zamora had not been denied a promotion.[12] (EX 23)

M. Zamora brought this suit, alleging that he and other Hispanics were adversely impacted by the results of this examination, in December 2007, prior to all of the applicant promotions.  Thus, his claims are not ripe for this Court's review.  Further, M. Zamora, did not properly exhaust his administrative remedies regarding this matter with the EEOC because the results were not established at the time of filing in December 2007.

---

[12]Prior to the list's expiration in February, three Hispanic Lieutenants promoted to Captain. (EX 23)

20

### B. M. Zamora cannot establish a *prima facie* case of disparate treatment discrimination.

M.  Zamora's complaint addresses him only and not a disparate impact on Hispanics so this claim must be anlayzed using the disparate treatment theory state above.  When asked to specifically state the transfers he was denied, M.  Zamora listed 16 positions (EX 17, Interrogatory No. 3)  M. Zamora claims that had he been transferred to Divisions such as Vice or Narcotics he would have accumulated exempt time credits, which would have significantly increased the amount of his pension benefits.  However, he doesn't list any positions in Vice or Narcotics that he has applied for.  (Ex. 17) Therefore this argument is without merit.

The only comparators that  will be discussed in this motio is Jay Gause and Steve Casko, as they are the only two persons who fall within the requisite statute of limitations.[13]  Jay Gause and Steve Casko, are assigned to in the  ADR and CRU respectively. (EXS 19-20) Transfers to these divisions are considered lateral transfers as there is no change in title, compensation, or benefits. (EX 23) Lateral transfers are generally not considered adverse employment actions for Title VII purposes[14].  Title VII was not enacted to address every employment decision.  *Banks v. East Baton Rouge Parish Sch. Bd.,* 320 F.3d 570, 575 (5th Cir. 2003).  "For example, a decision made by an employer that only limits an employee's opportunities for promotion or lateral transfer does not qualify as an adverse employment action under Title VII." *Banks*, 320 F.3d at 575

---

[13] M. Zamora filed his Charge of Discrimination with the EEOC on December 20, 2007, therefore he can only grieve incidents that occurred 300 days prior to that date.

[14] Well established Fifth Circuit law has directed that a purely lateral transfer cannot be considered an adverse employment action within the meaning of Title VII. *See generally Burger v. Cent. Apartment Mgmt., Inc.,* 168 F.3d 875, 879 (5th Cir. 1999). (directing that the denial of a plaintiff's request for a purely lateral transfer does not constitute an adverse employment action under Title VII).

A determining factor in the analysis is whether M. Zamora's employment status would have been significantly altered had the Department transferred him to ADR or CRU.[15]   M. Zamora cannot prove that a position in ADR or CRU would have significantly affected his terms, conditions of employment, thus this claim must fail.

### C.  M. Zamora cannot establish a *prima facie* case of retaliation.

Finally, M. Zamora argues that he has been retaliated against for complaining and opposing discriminatory policies.  He asserts that as a result of filing these complaints, the Department has in turn filed complaints against him, transferred him against his wishes, refused to promote him, and refused to transfer him to his Divisions of choice.  These claims fail to establish a *prima facie* case of retaliation.  There is no evidence in the record establishing that M. Zamora engaged in a protected activity, besides this lawsuit and his EEOC Charge.  The alleged/perceived misconduct occurred prior to these filings, as they are mentioned in both. M. Zamora is charged with establishing that he engaged in protected activity and that there is a causal connection between that engagement and his thereafter adverse employment action.  M. Zamora falls short of making such a connection, therefore he cannot establish a *prima facie* case of retaliation.

## VI.  Mosqueda and Hernandez Claims of FLSA Violations, Discrimination, and Retaliation Must Fail.

### A.  FLSA claims not properly before this Court.

Mosqueada's and Hernandez' claims about the City's oncall policy must fail because they do

---

[15] *See McFall v. Gonzales,* 143 Fed. Appx. 604, 607 (C.A.5 (Tex.) 2005)

not meet the applicable statute of limitations for claims brought under the FLSA.  The FLSA contains a two-year statute of limitations, unless the violation of the FLSA was willful.  *Gettridge v. Civic Center Site Development Co.,* 2002 WL 126574.  Specifically, every such action (FLSA) shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action or of a willful violation may be commenced within three years after the cause of action accrued.

Mosqueda and Hernandez claim that prior to January 28, 2005, Hispanics were responsible for 16-hours on-call shifts, they further claim that prior to this date, Hispanics were denied complete "2 regular days off because of on-call work schedule." (EX 1)  According to the applicable law, Mosqueda and Hernandez, must have raised this complaint and brought this lawsuit, claiming FLSA violations,  by January 2007.  Mosqueda and Hernandez brought suit in December 2007.  Moreover, this suit does not claim that any of the City's actions regarding their alleged scheduling policies or practices were willful, thus this suit is not subject to the provision allowing for a three year statute of limitations.  Thus, Mosqueda's and Hernandez' claims of FLSA violations do not meet the applicable statute of limitations and must fail as a matter of law.

**B. Mosqueda and Hernandez cannot establish a *prima facie* case of disparate impact.**

Mosqueda's and Hernandez' claims regarding a disparate impact of discrimination regarding a disparate workload and discriminatory on-call policies are without merit.  Mosqueda,and Hernandez arguably may have identified a facially neutral employment practice that alleges a disportionate impact, yet they  fail to establish causation. They do not offer this Court any statistical evidence to show that the practice in question has resulted in prohibited discrimination.

23

### C.  Mosqueda cannot establish a *prima facie* case of retaliation.

Finally, Mosqueda alleges that he was transferred against his wishes from the Chicano Squad to Major Assaults and this was in retaliation for his participation in the EEOC Charge of Discrimination. Mosqueda's retaliation claims must fail, a temporary transfer to another investigative unit within the Department was not materially adverse.

However, if this Court finds that Mosqueda can establish a *prima facie* case, Defendant has a articulated a legitimate, nondiscriminatory reason for the temporary transfer to major assaults.(EX 12)  Defendant received a complaint from the Harris County District Attorney's office that Mosqueda served as a witness for the State, and he appeared unprepared and made numerous mistakes, specifically identifying the wrong person as the Defendant, which severely jeopardized the outcome of the case. (EX 12)  After learning of this, the Department deemed Mosqueda's actions unacceptable and temporarily transferred him to the Major Assault Unit. (EX 12)   Mosqueda's actions brought discredit to the Department, because the Harris County District Attorney's office believed that he would not be an effective homicide investigator witness because he was unreliable. (EX 12) This temporary assignment was in direct reaction to the District Attorney's office complaint and had no relation to Mosqueda's charge of discrimination.

The anti-retaliation provision of Title VII forbids discrimination against an employee or job applicant who has "made a charge, testified, assisted, or participated in a Title VII proceeding and/or investigation.   To prevail on a retaliation claim, the plaintiff must establish that: (1) she participated in statutorily protected activity, (2) she   received an adverse employment action, and (3) a causal

connection exists between the protected activity and the adverse action. *Armstrong v. City of Dallas,* 997 F.2d 62, 65 (5th Cir. 1993).

If this Court finds that the reassignment was an adverse employment action, and/or "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination," *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006) Plaintiff still has not offered any evidence to prove that the action occurred because he filed a Charge of Discrimination with the EEOC. The Fifth Circuit applies a "but for" causation standard to retaliation cases. *Strong v. University Health Care System, L.L.C.,* 482 F.3d 802, (5th Cir. 2007).  This standard requires Plaintiff to "put forth legally sufficient summary judgment evidence that [he] would have been reassigned but for [his] complaint against [his employer]. *Arredondo v. Gulf Bend Center,* 2007 WL 1004051 (S. D. Tex. 2007)  citing *Strong.*  Although Mosqueda engaged in a statutorily protected activity, and arguably received an adverse employment action, he has yet to establish that a causal connection existed between the protected activity and the adverse employment action, and that he would not have been transferred but for his complaint.[16]

## VII.  Plaintiffs' USC Section 1983 Claims Are Superseded By Title VII.

Plaintiffs have not established a 1983 claim as a matter of law.  In the Fifth Circuit, "specific consideration of these alternate remedies [under 42 U.S.C. § 1981 and/or 42 U.S.C. § 1983] for employment discrimination is necessary only if their violation can be made out on grounds different

---

[16]Hernandez attempts to bring a disparate treatment claim regarding a kidnaping assignment, for reasons stated above this is not an adverse employment action for Title VII purposes.

25

from those available under Title VII."  *Parker v. Mississippi State Dep't of Pub. Welfare,* 811 F.2d 925,

927 (5th Cir. 1987); *see also Tanik v. Southern Methodist Univ.,* 116 F.3d 775 (5th Cir. 1997) (elements

of Section 1983 and Title VII claims for employment discrimination are "identical").  Here, Plaintiffs have

not alleged any claims under U.S.C. § 1983 that are not identical to their Title VII claims.  Thus,

Plaintiffs' 1983 are superseded by Title VII and should fail as a matter of law.

## CONCLUSION AND PRAYER

**WHEREFORE,** the City prays that its motion be granted on all remaining claims; that Plaintiffs

take noting by this suit; that the City be granted its costs of court; that the court make a finding that this

lawsuit is frivolous and vexatious; and upon such finding the City be awarded reasonable attorneys

fees.

Respectfully submitted,

DAVID M. FELDMAN
City Attorney

LYNETTE K. FONS
First Assistant City Attorney

DONALD J. FLEMING
Senior Assistant City Attorney
Chief, Labor Section

Shani A. Dennis
Assistant City Attorney

_/s/_____
Shani A. Dennis
Attorney in Charge
SBN: 24032130
Fed. Id No.: 30372

26

City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
Phone: (832) 393-6302
Facsimile: (832) 393-6259

ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendants Motion for Summary Judgment has been forwarded to Plaintiffs' attorney of record via  e-file on this the 2nd day of June 2010.

_____/S/_____

SHANI A. DENNIS