EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 460-2008-01123 |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Manuel Zamora | (281) 537-9525 | 12-09-1957 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3207 Rustling Moss Dr., | Houston, TX 77068 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HOUSTON POLICE DEPARTMENT | 500 or More | (713) 308-8000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1200 Travis, | Houston, TX 77002 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-01-2007    Latest: 07-01-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached.

**PLAINTIFF'S EXHIBIT 1**

JOEL LARA
MY COMMISSION EXPIRES
July 23, 2008

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 20, 2007
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: Manuel F. Zamora

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 12-20-07

State of Texas
County of Harris

My name is Manuel F. Zamora, I am 50 years of age. I reside at 3207 Rustling Moss Drive, Houston, Texas 77068. My telephone number is 281.537.9525. My Texas Drivers License number is 08579400. I hereby declare the following.

I am a Hispanic police lieutenant who has been the target of racial and age discrimination and retaliation as recently as December 13, 2007. The basis for this complaint and the details are provided in the following enumerated paragraphs.

**I am alleging:**

1. **Disparate impact**

    a. **The captain's promotional examination has a disparate impact on Hispanics and reflects a lack of promotional opportunities for Hispanics.**

    Of 42 captain positions, only one is Hispanic. Historically, zero or less than one Hispanic has been promoted to captain from any one eligibility list. Many current captain incumbents failed the assessment center portion of the test in 2004, yet they were promoted as recent as 2006. Four who were promoted did not have a college degree at the time they were promoted. Seven who were promoted did not pass the assessment center portion of the test.

    Additionally, Hispanics are disparately impacted due to a policy that the assessment center method is not subject to appeal, thus violating due process for Hispanic challenges. The *Edwards Consent Decree* was to have addressed discrimination at the sergeant and lieutenant rank. The lieutenant rank is a prerequisite to captain. Without Hispanic advancement at these ranks, Hispanics suffer disparate impact at the captain level. I have passed four captain's tests and have not been promoted. I have or will suffer irreparable damage as I am close to retirement. I have clearly demonstrated the ability to handle captain and assistant chief responsibilities.

    b. **Hispanics are underrepresented and disparately impacted by selections to the position of assistant chief.**

    Hispanics disparately impacted at the lieutenant and captain rank are also disparately impacted at the assistant chief rank, as Hispanic assistant chiefs only comprise about 22% of the Command Staff. This causes irreparable harm to Hispanics who have achieved high educational status and who have outstanding department performance.

    I have previously scored as the highest Hispanic and scored higher than others who have achieved promotion to captain and assistant chief. I have been considered for assistant chief at least twice; each time I was not selected in favor of a lesser qualified candidate. I am the most educated Hispanic on the Houston Police Department.

2. **Retaliation and hostile work environment against me due to status as Hispanic**

    a. On December 13, 2007, I was retaliated against through a complaint alleging I used a study website over the internet while on duty to complete coursework. On December

18, 2007, Internal Affairs investigator Sergeant. R. Chavez, informed me, "We were wondering why you were on the University of Houston and Scholar website." The focus of the complaint is on officers who are studying on duty to complete on-line degrees offered by Mountain State University and Midwestern University, not the University of Houston. I am the manager over the Planning & Research Unit and I am required to conduct research for the department as a predominant part of my job.

I completed my doctorate degree on my own time over a year ago and have no need to conduct personal study for additional personal education. I am the manager over the Planning & Research Unit and my job is to conduct research and publish reports, most often for the Houston Police Department and the Chief of Police.

b. I was retaliated against in November 2007, by an Internal Affairs Division complaint alleging that I missed a training class. Others who miss classes are treated less harshly, through a non-disciplinary action known as a Supervisory Intervention. The department routinely handles such complaints as Supervisory Interventions and counseling, not formal complaints that result in derogatory entries into the department's complaint history ("3 by 5"). I have been subjected to different treatment because of my Hispanic status. This entry into my complaint history damages my reputation. The decision to investigate missing a required class and the discipline meted is capricious and arbitrary. Conversely, I have been informed that the department uses a secret "3rd file, 3rd page, or 3rd screen," not available to the public, to remove complaints from White officers.

c. The complaints (a) and (b) above serve as retaliation against me for speaking up about racial discrimination and department problems and corruption. The complaint history includes entries for misconduct despite findings of impartial, third party hearing examiners who overturned the discipline. For example, in 1998, when I complained about Captain M. A. Aguirre, I received 11 derogatory entries into my complaint history that remain despite a Hearing Examiner's ruling clearing me of all improprieties. Captain M. A. Aguirre was later fired for complaints similar to those I alleged.

d. On or about July 2007, I was slandered and called a "problem employee" by Sergeant Daryl Henderson. On the same day, Sergeant Henderson told me that I was known throughout the department by the executive staff as a "trouble maker" and a "problem employee" and the word was that I would never amount to anything in this department.

3. **Racial discrimination**

a. On or about December 3, 2007, Jay Gause, a lower-tenured White Male was selected to the position of lieutenant over the Alternative Dispute Resolution Unit, despite his lack of advanced education for the position, qualifications for the job, and experience relative to the position. For the past five years, the lieutenants selected over me for the Alternative Dispute Resolution Unit, have been predominantly White lieutenants, all of whom have either been fired, or who have resigned; none of which possess the qualifications for the position that I have and continue to maintain and advance. Lieutenant J. Gause was a student of mine who I prepared for the assessment center portion of the test he took to achieve a lieutenant promotion. He informed me that I am the reason he was promoted to lieutenant. He is less senior than I.

2

b. The lieutenants who resigned under duress or under normal conditions or who were terminated are: Dan Spjut, Terry Collman, Shannon Broze, and Frank Manzo.

c. I have the highest level of qualifications for the position, having earned certification as a federal instructor/mediator for the Department of Justice. I also achieved training in nearly all levels of mediation: community, police, Spanish, Children's Protective Services, truancy, Justice of the Peace Courts, and family mediation. I have developed curriculum and presented material to officers of many jurisdictions. I mediated community issues on use of force with the Organization of Chinese Americans, the League of Latin American Citizens, the National Association for the Advancement of Colored People, the Anti-Defamation League, the Council of Islamic Relations, and representatives of many Houston area police agencies.

4. **Age and race discrimination**

   a. On or about July 2007, a White male lieutenant was pre-selected for a vacancy at the Training Division (Pre-service training) and I was not given the opportunity to compete. Lieutenant David Fausek is a recently promoted lieutenant who was a subordinate of mine at the Crime Analysis Division. He has low seniority and is seven years younger than I am. In 2006 the same position was announced via a department circular. In 2007, there was no vacancy posting and Fausek was selected to the position over me.

   b. The transfer of Lieutenant Fausek was announced in supervisory meetings involving officers, civilians, and sergeants, even before Sergeant Fausek was promoted to the rank of lieutenant. Additionally, Sergeant Fausek addressed his subordinates as the incoming lieutenant despite his status as Sergeant in the Special Operations Division.

   c. Lieutenant Fausek is less qualified than I (less experience, less knowledge of the job, less education, less seniority, and younger). His selection violated department policy issued by Chief Harold L. Hurtt, that all persons promoted to sergeant and lieutenant are first assigned to patrol functions before receiving highly coveted and specialized assignments.

   d. Hispanic Officers and Sergeants (who serve as counselors) have been replaced by White Officers.

5. **Discrimination in selection of lieutenants for transfer to prestigious assignments**

   a. White lieutenants unfairly enjoy easier selection and transfer over Hispanics to positions that are prestigious and good for professional development. For example, many vacant positions are not announced, yet they are filled by persons with less qualifications than I. Unannounced lieutenant positions have been filled with persons who have lesser experience, seniority, and education than I to positions such as the Crime Reduction Unit, the Narcotics Division, Vice, Major Offenders, Homicide, Mounted Patrol, High Intensity Drug Task Forces (HIDTA), Solo (Motorcycle) Unit, and Helicopters.

   b. In other situations, White lieutenants are allowed to remain in a position for a large portion of their careers, thus limiting the availability of transfer to the position by a Hispanic lieutenant.

3

    c. In 1994 I made a complaint regarding discrimination. In the 13 years I have been a lieutenant I have applied for 18 positions and have not been selected for a single position I have sought.

**I seek the following as remedies and relief:**

1. A finding of discrimination
2. A promotion to captain or assistant chief
3. Injunctive relief (use of objective criteria to select candidates for vacancies)
4. Compensatory damages
5. Punitive damages
6. Removal of all derogatory information from my complaint history ("3 by 5") that was lawfully overturned by Hearing Examiners
7. Destruction of all hidden files ("3rd page, 3rd screen, "information files") kept by the department

**I have attached the following as evidence:**

1. Résumé
2. Eligibility lists for captain
3. *Edwards* consent decree
4. Organizational chart for the Houston Police Department
5. COINS report

Subscribed and sworn to me this 20th day of December, 2007.

_____
Signature

Notary Public for the State of Texas

YVONNE M. SALINAS
MY COMMISSION EXPIRES
July 14, 2010

4