**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MANUEL F. ZAMORA, et. al.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:07-CV-4510** |
| | § | |
| **CITY OF HOUSTON,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS ZAMORA'S
MOTION FOR SUMMARY JUDGMENT**


**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, the City of Houston, (hereinafter "Defendant"), herein and files this its Motion for Summary Judgment Response in the above-entitled cause of action pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**NATURE AND STAGE OF PROCEEDING**

This is an employment discrimination suit brought against the City. Christopher Zamora and Manuel Zamora ("Plaintiffs") allege that Defendant is in violation of the Title VII, and 42 U.S.C. § 1983.

**STATEMENT OF THE ISSUES**

**Issue No. 1:** Plaintiffs have not exhausted their administrative remedies regarding the claims alleged in their Complaint. *National Assn. Of Gov't Employees v. City of San Antonio* (5th Cir. 1994)

**Issue No. 2:** Plaintiffs cannot prove a *prima facie* case of disparate impact/disparate treatment discrimination. *Stout v. Baxter Healthcare Corp.* 282 F.3d 856, 860 (5th Cir. 2002). *Lee v. Kansas City Southern Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009).

**Issue No. 3:** Plaintiffs cannot prove a *prima facie* case of retaliation. *Lemaire v. State of Louisiana,* 480 F.3d 383, 388 (5th Cir. 2007).

**Issue No. 4:** Defendant articulated a legitimate, non-discriminatory reason for its actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

**Issue No. 5:** Plaintiffs have not met the applicable statute of limitations for Title VII and FLSA.  42 U.S.C. § 2000e-5(e)(1).   *Gettridge v. Civic Center Site Development Co.,* 2002 WL 126574.

## ARGUMENT AND AUTHORITY

Most of the arguments asserted in Plaintiffs' Motion for Summary Judgment have been addressed in Defendant's Motion for Summary Judgment.  However,  to err on the side of caution, Defendant responds to Plaintiffs' claims that may need additional argument.  Defendant notably argues that most of the statements made in Plaintiffs' Motion does not cite to evidence established in the record.  They are merely unsubstantiated assertions, improbable inferences, and unsupported speculation which is not competent summary judgment evidence.  *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994).

- Paragraphs 32-44
  M. Zamora discusses disparate impact on several promotional examinations, none of the challenged examinations are properly before the Court.  The exams from 1994-2002 are not within the applicable statute of limitations.  The 2006 test is not ripe because the promotional list was in effect at the time that Plaintiff brought suit.  Moreover, Plaintiff's administrative remedies were not properly exhausted regarding the 2006 promotional examination.  The 2009 examination was taken after this lawsuit was filed and therefore not relevant to this suit.

- Paragraphs 45-46
  M. Zamora asserts a breach of contract claim in these paragraphs.  M. Zamora did not allege a breach of contract cause of action in their Second Amended Complaint.

- Paragraphs 47- 52
  These paragraphs generally refer to M. Zamora's retaliation claims.  However, he fails to prove that he engaged in a protected activity.  Moreover, he did not prove causation.

- Paragraphs 53-108
  Here, M. Zamora appears to make a disparate impact argument regarding lieutenant transfers.

2

- Paragraphs 67-108, provide data that is not established in the summary judgment record, there is no expert named or designated that can confirm any of the loose statistics in this motion.  The statistics appear to be opinion testimony, and hearsay which is not competent summary judgment evidence.
- Paragraph 88 states that Defendant failed to produce test metrics.  M. Zamora did not request test metrics.
- In Paragraph 106, M. Zamora states that the City did not provide any evidence of a business necessity for the over representation of Caucasian males in the captains positions.  Defendant is only required to provide this Court with a business justification if M. Zamora meets his burden of proving a prima facie case of disparate impact.  M. Zamora has not proven disparate impact.
- He also makes a disparate treatment argument regarding: David Fausek, Richard David, Dan Spjut, Leslie Martinez, Stephen Casko, and Jennifer Evans.   M. Zamora fails to state how he was similarly situated to these persons.

- Paragraph 112
Plaintiffs did not exhaust their administrative remedies regarding Defendant's hiring of sufficient Hispanic officers.

- Paragraph 113
M. Zamora asserts that he has been discriminated against because he has not had the opportunity to compete with persons outside of his protected class that are considered for job vacancies, yet he does not provide competent summary judgment evidence to establish a prima facie case. M. Zamora makes a disparate treatment argument, yet he has not provided sufficient evidence to prove that a lateral transfer is an adverse employment action.  Likewise, he failed to list any similarly-situated comparators outside of his protected class that received these positions.

- Paragraphs 117-118
Plaintiffs did not exhaust their administrative remedies regarding bilingual pay.

- Paragraphs 119-124
The cause of action mentioned in these paragraphs were not plead in Plaintiffs' Second Amended Complaint, and are not properly before this Court.

- Paragraphs 125-126
These arguments are not properly before this Court.  Plaintiffs did not allege hostile work environment claims in their lawsuit.  Nor did they make hostile work environment allegations in their EEOC Charges of Discrimination.

- Paragraph 129-135

  Here, M. Zamora appears to make an adverse employment action argument.   He alleges that his inability to work in specialized units affected his pension, yet he fails to provide this Court with evidence of similarly situated individuals, outside his protected class, that were assigned to these positions.  (See Defendant's MSJ Ex. 17)

- Paragraph 136-137

  C. Zamora appears to make disparate impact claims here, however, he did not mention any claims of disparate impact in his EEOC Charge of Discrimination.  Therefore he did not exhaust his administrative remedies and this matter is not properly before this Court.

- Paragraph 138-139

  C. Zamora fails to establish a prima facie case of Race discrimination.  It is his burden to prove that the persons he alleges were treated more favorably than he, were similarly situated to him. He has yet to provide this Court with any specific allegations, he only gives unsubstantiated assertions.

- Paragraphs 146-149

  C. Zamora again offers unsubstantiated assertions of retaliation.  Defendant has provided evidence in the record that Lieutenant Casko encouraged Plaintiff to leave the Crime Reduction Unit.  There is no evidence in the record to prove that Lieutenant Casko was aware that C. Zamora had engaged in protected activity, therefore, the causation element for a prima facie case of Retaliation has not been met. (See Defendant's MSJ Exs. 5-6).

Additionally, Defendant moves to strike Plaintiffs' exhibits because they were filed on June 9th and June 10th, one week past this Court's deadline to file dispositive motions.  The deadline to file the motion along with any supporting evidence was June 2, 2010, Plaintiffs Zamora agreed to this date. Most importantly, Plaintiffs Zamora did not seek leave from this Court to allow them to file their supporting exhibits outside of the Court's deadline.

Defendant also moves to strike Plaintiffs' Motion for Summary Judgment, it more than exceeded the established page limit.  The Court's page limit is 25 pages.  Plaintiffs filed a 61 page motion.  Defendant only exceeded their page limit by 3 pages.  In its Motion, Defendant argued against

6 Plaintiffs, which necessitated additional page limits.  Plaintiffs, on the other hand, only had to discuss

arguments of 2 persons.  Further, Defendant followed this Court's prescribed briefing requirements,

such as using 13 inch font.  Defendant also followed the Court's strict format for motions over 10

pages.  Plaintiff did not even attempt to follow the Court's rules.

## CONCLUSION AND PRAYER

Plaintiffs C. Zamora and M. Zamora cannot meet their burden of establishing prima facie cases

of discrimination and retaliation as they are prescribed in Title VII, thus their Motion for Summary

Judgment should be denied and Defendant's Motion for Summary Judgment should be granted.

Additionally, Defendant requests that Plaintiffs Zamora's Motion be stricken for failure to comply with

this Courts procedures and their exhibits be stricken because they were not timely filed.


Respectfully submitted,

DAVID M. FELDMAN
City Attorney

LYNETTE K. FONS
First Assistant City Attorney

DONALD J. FLEMING
Senior Assistant City Attorney
Chief, Labor Section

Shani A. Dennis
Assistant City Attorney


   /s/
Shani A. Dennis
Attorney in Charge

5

SBN: 24032130
Fed. Id No.: 30372
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
Phone: (832) 393-6302
Facsimile: (832) 393-6259

ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants Motion for Summary Judgment has been forwarded to Plaintiffs' attorney of record via e-file on this the 23rd day of June 2010.

/S/ _____

SHANI A. DENNIS