**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MANUEL F. ZAMORA, *et al.*,<br>Plaintiffs, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:07-4510 |
| CITY OF HOUSTON,<br>Defendant. | §<br>§<br>§ | |

**MEMORANDUM AND ORDER**

On August 12, 2010, this Court entered summary judgment in favor of Defendant City of Houston in this employment discrimination case.[1] Plaintiffs Manuel and Christopher Zamora now have filed a motion for reconsideration ("Motion").[2] Having considered the briefing, the legal authorities, and all matters of record, the Court concludes that Plaintiffs' motion should be **denied**.

Plaintiffs argue that the Court's order granting summary judgment was based on "incorrect factual determinations."[3] Although Plaintiffs do not cite authority for the Motion, the Court construes it as one to alter or amend a judgment pursuant to

---

1 Memorandum and Order [Doc. # 132]; Final Judgment [Doc. # 133].

2 Plaintiff[s'] Motion for Reconsideration of Order Granting Defendant City of Houston's Motion for Summary Judgment, Denying Plaintiffs' Motion for Summary Judgment, or in the Alternative Motion for New Trial [Doc. # 134].

3 *Id*. at 1.

Federal Rule of Civil Procedure 59(e). Rule 59(e) requires a showing by the movant of either "a manifest error of law or fact" in the court's previous ruling, or "newly discovered evidence."[4] A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[5]

Plaintiffs identify four "incorrect factual determinations" in the Court's opinion. Because Plaintiffs' arguments rehash the evidence presented previously and/or advance arguments that could have been raised in the previous round of briefing, they cannot provide the basis for relief under Rule 59(e). Nevertheless, the Court addresses the merits of each argument briefly.

First, Plaintiffs dispute the Court's conclusion that they failed to present evidence that some lieutenant positions are "objectively better" than others.[6] Plaintiffs assert that "special assignments" are objectively better than "general assignments," and that certain positions carry opportunities for additional benefits. In support, Plaintiffs argue that it generally is known in the Houston Police Department ("HPD")

---

4 *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

5 *Templet*, 367 F.3d at 478-79.

6 *See* Memorandum and Opinion [Doc. # 132], at 10-12.

that some lieutenant positions are more prestigious than others. The only record evidence cited by Plaintiffs is HPD's General Order 300-02, which covers the different methods by which classified employees (including lieutenants) can be transferred, and the deposition of HPD Lieutenant Steven Casko, which states that lieutenant transfers are sometimes made at the discretion of the chief without following the procedures in General Order 300-02. This proof is not evidence of objectively better lieutenant positions. However, even if the Court accepts *arguendo* Plaintiffs' assertion that certain lieutenant positions at HPD are more desirable and prestigious than others, and accepts the proposition that HPD's "policy and procedures establish that not all [lieutenant] positions are the same," Plaintiffs' showing is inadequate to defeat summary judgment. Fifth Circuit authority requires, in a Title VII case regarding transfers and promotions, that Plaintiffs demonstrate that "the position sought was objectively better."[7] Plaintiffs' briefing on summary judgment, and again on the current Motion, fails to cite to evidence that *specific* "positions sought" by Manuel Zamora were "objectively better" than the specific position he held previously. As held in the Court's previous opinion, only three denied transfers fell within the relevant limitations period—one transfer to the ADR Unit, one to the

---

7 *Alvarado v. Tex. Rangers*, 492 F.3d 605, 614 (5th Cir. 2007).

Crime Reduction Unit, and one to the Training Division.[8] The Casko Deposition and General Order cited in Plaintiffs' Motion fail to demonstrate a genuine issue of material fact that any of these three specific positions was objectively better than the lieutenant position previously held by Zamora. "Under Rule 56, summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[9]

Second, Plaintiffs argue that Christopher Zamora presented sufficient evidence of race discrimination because he presented examples of similarly situated officers of a different race who were equally effective or less effective than he, and were not transferred out of the Crime Reduction Unit. Plaintiffs provided evidence of comparators in their summary judgment briefing,[10] which is relevant to Christopher Zamora's *prima facie* case. The Court held that, even if Plaintiffs could establish a *prima facie* case, Christopher Zamora's race discrimination claim does not survive summary judgment because he failed to provide evidence, or even argue, that his

---

8 Memorandum and Opinion, at 7-8.

9 *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002) (internal quotation marks and citations omitted).

10 *See* Memorandum and Opinion, at 14 n.43 (citing to Plaintiffs' list of Caucasian officers who allegedly had more serious performance problems than Christopher Zamora but were not transferred).

transfer out of the Crime Reduction Unit was motivated by race discrimination. Rather, in Plaintiffs' briefing, they argued repeatedly and exclusively that Christopher Zamora's HPD superiors were motivated by the EEOC charge and lawsuit filed by his father, Manuel Zamora.[11] This motivation, even if proven at trial, does not establish a claim of *race* discrimination under Title VII.[12] Again, Plaintiffs' summary judgment

---

[11] *See id.* at 14-15 & n. 45 (quoting briefing). Plaintiffs also argued that Christopher Zamora had no problems in the Crime Reduction Unit until his father made employment discrimination complaints, *see id*. at 21 & n. 61 (quoting briefing), which further suggests that Christopher Zamora's superiors were *not* motivated by his race.

In their current Motion, Plaintiffs direct the Court's attention to Manuel Zamora's Internal Affairs Complaint, dated May 21, 2010. *See* Exhibit 31 to Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. # 112]. In this document, Manuel Zamora provides a meticulously detailed rebuttal of the reasons given by Christopher Zamora's superiors for his transfer. However, even if the document demonstrates a genuine issue of material fact as to the veracity of the superiors' reasons, it does not allege that the superiors were motivated by Christopher Zamora's race. Rather it, like other documents submitted by Plaintiffs, alleges that the officers were retaliating against Christopher Zamora for his father's complaints regarding employment discrimination. *See id*. at 1-2.

[12] If a plaintiff establishes a *prima facie* case and a defendant satisfies its burden to produce a nondiscriminatory reason for the challenged action, the burden then shifts back to the plaintiff to offer evidence to demonstrate a genuine issue of material fact that "either (1) that the defendant's reason is not true, *but is instead a pretext for discrimination* (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (internal citation and quotation marks omitted) (emphasis added).

briefing never even alleged that the HPD personnel who transferred Christopher Zamora were motivated by his (Christopher's) race.[13]

Third, Plaintiffs argue summary judgment was inappropriate on Manuel Zamora's retaliation claim because Manuel Zamora, over the past nineteen years, has repeatedly been denied transfers. Citing generally to their original exhibits, Plaintiffs rehash the arguments made in their summary judgment briefing. Plaintiffs' global assertion that Manuel was denied promotions over nineteen years cannot satisfy his summary judgment burden to present evidence that "*specific* failures to transfer and/or promote Manuel Zamora were caused by his protected activities, *i.e.*, his EEOC charges or this lawsuit."[14]

---

13 *See Baton Rouge Oil*, 289 F.3d at 375 ("summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

14 Memorandum and Opinion, at 18. Plaintiffs also discuss statistical evidence, and the Court's comments regarding such evidence, which is relevant to their disparate impact claim. To the extent Plaintiffs intend to seek reconsideration of their disparate impact claim, their arguments only restate the arguments made in the previous round of briefing. As explained in the Court's previous ruling, Plaintiffs fail to perform a "systemic analysis of the disparate effects of all promotional criteria" for captain, as is required to establish a *prima facie* case. *See* Memorandum and Opinion, at 26 (citing *Munoz v. Orr*, 200 F.3d 291, 302-03 (5th Cir. 2000) (internal quotation marks and alterations omitted)).

Fourth, Plaintiffs argue that their Section 1983 claim should not have been dismissed because their Title VII claim should not have been dismissed. Based on the reasoning above, this argument fails. Therefore, it is

**ORDERED** that Plaintiffs' Motion for Reconsideration of Order Granting Defendant City of Houston's Motion for Summary Judgment, Denying Plaintiffs' Motion for Summary Judgment, or in the Alternative Motion for New Trial [Doc. # 134] is **DENIED**.

SIGNED at Houston, Texas, this **7th** day of **September, 2010**.

Nancy F. Atlas
United States District Judge