## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ZAMORA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-4510 |
| | § | |
| CITY OF HOUSTON, | § | |
| Defendant. | § | |

## ORDER GRANTING EXTENSION OF DEADLINES

Plaintiff Christopher Zamora has filed a Motion for Extension of Scheduling Order to Supplement Expert Disclosures with Expert Report as Required by Rule 26(a)(2)(B)(i) [Doc. # 174] ("Motion"). Defendant City of Houston has filed a Response [Doc. # 178] in opposition. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that the Motion should be **granted**.

On November 2, 2011, this Court held a discovery hearing and ordered, among other things, that Plaintiff's expert designations and reports were due on November 10, 2011, and that Defendant's expert designations and reports were due on November 30, 2011.[1]

---

[1]     Telephone Hearing Minutes and Order, dated Nov. 2, 2011 [Doc. # 169].

On his November 10 deadline, Zamora filed Disclosure of Expert Testimony of William B. Stewart Jr., CPA [Doc. # 172],[2] and a Disclosure of Expert Testimony of Melvin L. Tucker, MPA [Doc. # 173].   That same day, he also filed his Motion, seeking modification of the Court's scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4).   The Motion seeks an additional thirty days to provide an expert report from Tucker, as required by Federal Rule of Civil Procedure 26(a)(2)(B). Zamora's November 10 disclosure as to Tucker provided only the expert's identity, qualifications, and a statement regarding his compensation.[3]   It did not provide "a complete statement of all opinions the witness will express and the basis and reasons for them," or other items required by Rule 26(a)(2)(B).   Zamora proposes to submit the complete report by December 10, 2011.[4]

Rule 16(b)(4) permits modification of the Court's scheduling order only "for good cause" and with the judge's consent.   When determining whether a party has demonstrated good cause to extend a deadline for submission of an expert report, the Fifth Circuit looks to four factors: (1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice

---

[2]     This filing contains includes Stewart's expert opinion and the reasons supporting it.

[3]     *See* Doc. # 173.

[4]     Because December 10, 2011, is a Saturday, the Court will construe his requested deadline as December 9, 2011.

in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.[5]

In this case, Zamora is retaining Tucker to testify as to the policies, procedures, and culture of the Houston Police Department, in support of Zamora's retaliation claim.[6]  He states that a thirty-day extension is necessary because, since the Court's scheduling order on November 2, he has "spent long hours and substantial funds" locating and reviewing the discovery information provided to the City by Plaintiff's previous counsel and that, "[n]earing the close of the discovery period it was determined that no expert witnesses, other than those related to attorney's fees, had ever been disclosed" to the City.[7]  He further states that he has been diligent in attempting to secure an expert "but until now has been unable to financially secure the services of a qualified and willing law enforcement expert witness."[8]

The City disputes Zamora's financial situation as a basis for the delay, stating that Zamora has been "gainfully employed" with HPD throughout pendency of this

---

[5]     *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

[6]     Motion, at 4.

[7]     *Id*. at 5.  Discovery is due by December 16, 2011.  Doc. # 169.

[8]     Motion, at 6.

suit, and that police employment offers opportunities for additional income through overtime or outside employment.[9]  Zamora's Motion explains, however, that his financial resources have been strained by his defense against adverse employment actions initiated by Defendant, litigation of this suit, his divorce during pendency of the suit,"all the adversity in his personal and professional life" occurring after the alleged retaliation by Defendant, and the need to retain Stewart as an expert on damages.[10]  He states that until now he has been unable to financially secure the services of a willing and qualified witness.

The City also opposes the Motion because Tucker will testify as to "policies and procedures" of the Houston Police Department, which the City construes as an attempt to resurrect Zamora's claim under 42 U.S.C. § 1983.  This Court dismissed the Section 1983 claims of Zamora and the previous Plaintiffs in its Memorandum and Order of August 12, 2010,[11] and the dismissal was affirmed by the Fifth Circuit. However, Zamora's Motion clearly states that Tucker's testimony will pertain to his Title VII retaliation claim.[12]  Moreover, Zamora's proposed supplemental complaint,

---

[9]      Response, at 3.

[10]     Motion, at 5-6.

[11]     Memorandum and Order [Doc. # 132], at 31-32.

[12]     Motion, at 4 (citing *Burlington No. & Santa Fe Rwy. Co. v. White*, 548 U.S. 53, 55
                                                                                                (continued...)

filed on November 9, 2011, does not seek to add a Section 1983 claim.[13]   The City's assertion of prejudice on this ground therefore is misplaced.

Finally, the City opposes the Motion because the extension sought by Zamora would prejudice the City by requiring that other deadlines in the current scheduling order be reset.[14]   The City requests that, if Zamora's deadline is extended, its deadline for expert designation and reports also should be extended until thirty days after submission of Tucker's report.   This extension also would impact the summary judgment motions deadline, currently set for December 30, and the *Daubert* motions deadline of January 13.

Having considered all of the parties' arguments and the Fifth Circuit's standard, the Court concludes that good cause exists to extend Zamora's deadline for submission of his expert report.   Zamora has adequately explained the failure by Tucker to submit a complete report by November 10.   Tucker's testimony is important to Zamora's sole remaining claim of Title VII retaliation, and likely will inform the

---

[12]     (...continued)
(2006)).

[13]     *See* Doc. # 171.

[14]     Current deadlines are as follows: City's Expert Designations and Reports due November 30; discovery due December 16; Motions for Summary Judgment due December 30; mediation before Judge Hanks on or before December 31; *Daubert* Motions due January 13, 2012; Joint Pretrial Order due March 9; Docket Call March 19.   Doc. # 169.   The Court has not yet set a trial date.

jury of matters about which lay people know little, if anything.  Moreover, continuances of other deadlines in the Court's schedule will cure any prejudice to the City.  It is therefore

ORDERED that Plaintiff's Motion for Extension of Scheduling Order [Doc. # 174] is GRANTED.  Plaintiff must file an opinion statement from Tucker on or before December 9, 2011.  It is further

ORDERED that Defendant's expert designations and reports are due on or before January 9, 2012.  It is further

ORDERED that the parties' summary judgment motions (limited to twenty pages) are due on or before January 30, 2012.  It is further

ORDERED that *Daubert* motions (limited to ten pages) are due on or before February 13, 2012.  It is further

ORDERED that mediation before Judge Hanks is to be held on or before February 29, 2012.  It is further

ORDERED that the parties' Joint Pretrial Order is due on April 13, 2012.  It is further

ORDERED that Docket Call is set for Monday, April 23, 2012, at 3:00 p.m.

SIGNED at Houston, Texas, this 18th day of November, 2011.

Nancy F. Atlas
United States District Judge