IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ZAMORA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:07-4510 |
| § | | |
| CITY OF HOUSTON, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

Plaintiff Christopher Zamora has filed an Opposed Motion for Leave to Supplement [Doc. # 171] ("Motion"). Defendant City of Houston has filed a Response [Doc. # 177] in opposition, Plaintiff has replied [Doc. # 181], and Defendant has filed a surreply [Doc. # 182]. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that the Motion should be **granted in part** and **denied in part**.

## I.   BACKGROUND

Plaintiff Zamora's sole remaining claim in this lawsuit is a Title VII retaliation claim. Zamora alleges that he suffered retaliation while employed by the Houston Police Department ("HPD") after his father, Manuel Zamora, filed a discrimination complaint. On August 12, 2010, this Court granted summary judgment in favor of the

City on all Zamora's pending claims, including his retaliation claim.[1] While Zamora's appeal to the Fifth Circuit was pending, the Supreme Court decided *Thompson v. North American Stainless, LP*, holding that Title VII supports retaliation claims on the theory Zamora asserts in this case, specifically, a claim of retaliation based on the "protected activity" of a close family member.[2] The Fifth Circuit therefore remanded Zamora's retaliation claim to this Court for reconsideration in light of *Thompson*.[3] After remand, this Court denied both parties' requests for summary judgment.[4]

Zamora now seeks to supplement his Second Amended Complaint [Doc. # 27] to add new facts supporting his Title VII retaliation claim. In particular, Zamora seeks to plead multiple adverse employment actions in addition to the action first complained of: Zamora's transfer out of the Crime Reduction Unit ("CRU") on May 17, 2008. Zamora now requests also to allege the following adverse employment actions:

---

[1] Memorandum and Order, dated Aug. 12, 2010 [Doc. # 132]. This dismissal involved the claims of several other Plaintiffs.

[2] *See Thompson v. N. Am. Stainless, LP*, 131 S.Ct. 863 (2011). Zamora's claim is based on the protected activity of his father, Manuel Zamora, who also was an employee of HPD.

[3] *Zamora v. City of Houston*, 425 F. App'x 314 (2011). The Fifth Circuit affirmed the Court's holdings dismissing all other claims.

[4] Memorandum and Order, dated Sept. 13, 2011 [Doc. # 160].

- Zamora was not given 48 hours notice for the purpose of the March 7, 2008 meeting, in violation of the Texas Local Government Code § 143.1014;

- Zamora's transfer to Central Division Patrol Night Shift in 2008 violated HPD General Order 300-02 because it was not approved by the Chief of Police or the "concerned Assistant Chief";

- Captain M.D. Graham did not conduct an independent investigation into Zamora's alleged performance deficiencies that were documented by Lt. S.F. Casko, Sgt. M.T. Myskowski, and others;

- Zamora's transfer out of the CRU violated HPD General Order 300-02 because Zamora did not receive ten days notice of the transfer;

- Zamora was temporarily suspended for ten days by HPD Chief Harold Hurtt on November 15, 2010, as a result of HPD citations issued against him for "untruthfulness" in connection with an administrative statement submitted by Zamora in response to an Internal Affairs Division ("IAD") complaint submitted by his father, Manuel Zamora;

- Although the temporary suspension was "completely overturned" on April 28, 2011,[5] by an independent hearing examiner and Zamora was restored to full employment, Zamora's employment record was not updated as required by Texas Local Government Code § 143.1214;

- on eight occasions in 2008-2010, Zamora was denied transfers to more prestigious units, depriving him of the opportunity for increased overtime, privileges, training, and other benefits.[6]

---

[5] This award was issued on April 28, 2011, not 2010 as stated in Zamora's motion papers. *See* Hearing Examiner's Award (Exhibit 1 to Plaintiff's Reply [Doc. # 181]).

[6] Exhibit A to Motion, at 8-11, ¶ 24. Zamora alleges that the following transfers were denied to him: (1) Central Division Gang Unit, Aug. 28, 2008; (2) Gang Division Investigative Unit, June 30, 2009; (3) Narcotics Division Investigator, Sept. 18, 2009; (4) Central Division Fugitive Detail, Nov. 17, 2009; (5) South Central Division

(continued...)

At a discovery conference on November 2, 2011, the Court granted Zamora permission to file the instant motion.[7]

## II. LEGAL STANDARDS

This Court has discretion to permit supplemental pleadings under Rule 15(d) of the Federal Rules of Civil Procedure:

> **Supplemental Pleadings**. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading *setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented*. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.[8]

Although Rule 15(a), which pertains to amended pleadings, provides that leave to amend should be "freely given," the text of Rule 15(d) contains no such provision.[9]

---

[6] (...continued)
Tactical Unit, Dec. 9, 2009; (6) Narcotics Division K-9 Officer, Dec. 10, 2009; (7) Central Division Gang Unit, Dec. 17, 2009; (8) Narcotics Division Investigator, Sept. 20, 2010. *Id*. at 10-11, ¶ 24.

[7] Minute Entry Order [Doc. # 169].

[8] FED. R. CIV. P. 15(d) (emphasis added).

[9] *Burns v. Exxon*, 158 F.3d 336, 343 (5th Cir. 1998); *see* FED. R. CIV. P. 15(a).

Nevertheless, "the discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading."[10]

> In exercising its discretion, the district court should consider whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action.[11]

Upon granting leave, the district court may impose any conditions that are appropriate and just under the circumstances.[12]

## III.   ANALYSIS

The City raises several objections to Zamora's motion to supplement his pleadings, including that the pleaded facts predate the prior complaint, prejudice to the City, futility of the proposed supplementation, and delay by Zamora in seeking supplementation.

### A.   Facts Prior to Previous Complaint

The City argues that some of the facts alleged in Zamora's proposed supplemental complaint are inappropriate for supplementation under Rule 15(d)

---

[10]   *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (citing 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1504 (1971)).

[11]   *Id.*

[12]   FEDERAL PRACTICE & PROCEDURE § 1504 (3d ed. Supp. 2011).

because the events occurred prior to Zamora's filing of the Second Amended Complaint [Doc. # 27] on September 11, 2008. Zamora's previous complaint raised the issue of his removal from the CRU in May 2008. His proposed supplemental complaint adds further allegations surrounding his transfer out of CRU, in particular, that he was not given proper notice for the March 7, 2008, meeting with his superiors; that the transfer violated HPD General Order 300-02 because it was not approved by the proper officer and because he did not receive proper notice; and that Captain Graham did not conduct an independent investigation into Zamora's alleged performance deficiencies, which were the stated reason for the transfer. These precise allegations were not made in the Second Amended Complaint.[13]

By its plain language, Rule 15(d) permits a party to plead "any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented."[14] Therefore, the newly pleaded allegations that occurred before September 11, 2008, are improper in a supplemental pleading and will not be permitted.[15]

---

[13] Second Amended Complaint [Doc. # 27], at 29-31. The complaint did allege that Zamora's performance ratings had been lowered from "effective" to "marginal" with "no supporting documentation." *Id*. at 30.

[14] FED. R. CIV. P. 15(d).

[15] This is not an evidentiary ruling. The parties may refer to these matters to the extent
(continued...)

### B.  Prejudice

A court may deny leave to supplement if the opposing party will be unduly prejudiced.[16] The City first argues that it would be prejudiced by the supplementation because the pleadings would add new theories of recovery. The Court agrees. Zamora's proposed supplemental complaint pleads in conclusory manner violations of the Fair Labor Standards Act ("FLSA") and 42 U.S.C. § 1983, as well as Title VII.[17] However, in its 2010 order, this Court dismissed all Plaintiff's FLSA and Section 1983 claims, and the dismissal was affirmed by the Fifth Circuit.[18] The only claim remanded to this Court is Zamora's Title VII retaliation claim. If Zamora's proposed claims under FLSA and Section 1983 were to be permitted, they would involve different legal theories and analysis, additional witnesses, and new discovery, causing undue prejudice to the City. Zamora provides the Court with no briefing on these issues and, in fact, his Motion states unequivocally that he does *not* seek to add

---

[15]   (...continued)
relevant to show intent, motive, or other elements in issue.

[16]   *Lewis*, 699 F.2d at 239; FEDERAL PRACTICE & PROCEDURE § 1504 (3d ed. Supp. 2011).

[17]   Exhibit A to Motion, at 11.

[18]   *See* Doc. # 132; *Zamora*, 425 F. App'x 314. Zamora did not bring a FLSA claim in the Second Amended Complaint; FLSA was pleaded by other Plaintiffs who have since been dismissed from this lawsuit.

new causes of action.[19] The Court therefore construes Zamora's invocation of the FLSA and Section 1983 in the proposed complaint as inadvertent. To the extent Zamora intends to seek to add a cause of action under FLSA or Section 1983, the request is denied. The City thus will not suffer any prejudice due to additional theories for recovery.

The City further argues that it will be prejudiced because supplementation will require it to add "numerous witnesses" to the case.[20] Zamora now claims that he was denied eight transfers from 2008 through 2010 in retaliation for the same protected activity that motivated his transfer out of CRU in May 2008, *i.e.*, Manuel Zamora's 2007 charge of discrimination. The City opposes this supplementation, arguing that additional witnesses and discovery will be necessary to respond to Zamora's claims. The Court agrees that allowing Zamora now to pursue claims based on all eight transfers would cause undue prejudice to the City. The first seven denied transfers in Zamora's proposed supplemental pleading occurred on or before December 17, 2009,[21] which was during the period that the case was being actively litigated in this Court. The parties filed their cross-motions for summary judgment on June 2, 2010,

---

[19] Motion, at 4; Plaintiff's Reply, at 3.

[20] Response, at 7. Zamora does not seek to add new parties to the suit.

[21] Exhibit A to Motion, at 10-11, ¶ 24.

and the Court granted summary judgment to Defendant on August 12, 2010.  Zamora could have sought supplementation regarding the first seven transfers during the pre-remand litigation in this Court.  His request for supplementation regarding those seven transfers therefore is denied.  However, Zamora will be permitted to supplement his pleadings with the eighth transfer, which allegedly was denied to him on September 20, 2010, after this Court's summary judgment ruling.

As for Zamora's temporary suspension for untruthfulness in November 15, 2010 and the subsequent appeal of the suspension, Zamora also will be permitted to supplement his pleadings with these allegations.  These events occurred after the Court's previous summary judgment ruling. Zamora argues that these alleged actions against him, like his transfer out of CRU, were motivated by his support for his father's complaints of discrimination.  As evidenced by the hearing examiner's ruling in 2011, Zamora's statements that were alleged to be untruthful were statements that pertained directly to the circumstances surrounding his 2008 transfer out of CRU.[22] They therefore are directly related to the retaliation claim already in this lawsuit, and will involve many of the same facts and individuals as those already involved.  In addition, there is no surprise to the City, because the newly alleged actions occurred internally at HPD.  A key purpose of supplemental pleadings is to "promote the

---

[22]   Hearing Examiner's Award (Exhibit 1 to Plaintiff's Reply).

economic and speedy disposition of the entire controversy between the parties."[23] Because Zamora's suspension and the subsequent proceedings are directly related to the controversy before this Court, they are proper as supplemental pleadings.

Finally, the City further argues that it will be prejudiced by further delayed resolution of this case, which is four years old. However, some of the elapsed time in this lawsuit is due to the appeal to the Fifth Circuit, the Supreme Court's intervening ruling on Title VII retaliation claims, and the subsequent remand to this Court, which were outside the control of the parties and this Court.

The Court therefore holds that Zamora's proposed supplementation regarding the first seven denied transfers will cause undue prejudice to the City, and Zamora's motion is denied as to those allegations. However, the City will not be unduly prejudiced by Zamora's pleadings regarding the denied transfer on September 20, 2010; his temporary suspension on November 15, 2010; and the subsequent appeal that culminated in a decision on April 28, 2011. If the parties require further discovery as a result of this ruling, they may make an appropriate motion to the Court.

C. **Futility**

---

[23] FEDERAL PRACTICE & PROCEDURE § 1504 (3d ed. Supp. 2011).

Leave to supplement may be denied if the proposed pleading is futile.[24] The City argues that Zamora's proposed supplement is futile because the newly alleged claims did not grow out of Zamora's May 2008 charge of discrimination, and thus that the Court lacks ancillary jurisdiction over the new allegations. This argument is unavailing. The newly alleged actions in Zamora's proposed pleadings clearly are an extension of allegedly retaliatory actions which, according to Zamora, resulted from his father's charge of discrimination in 2007.[25] Zamora then filed his own charge of discrimination on May 28, 2008, complaining of his transfer out of CRU. He now claims that the retaliation continued with subsequent denied transfers, false charges of untruthfulness, and a failure to expunge his disciplinary records when the untruthfulness charge was overturned. As stated above, the charges of untruthfulness pertained to statements Zamora regarding his 2008 transfer. Under established Fifth Circuit precedent in *Gupta v. East Texas State University*, Zamora's claims do not require separate administrative exhaustion, and this Court may exercise ancillary jurisdiction over them, because they "grow out of" his father's 2007 EEOC charge and

---

[24]   *Lewis*, 699 F.3d at 239.

[25]   In 2011, the Fifth Circuit held that the Manuel Zamora's 2007 charge of discrimination suffices as "protected activity" for Zamora's retaliation claim. *Zamora*, 425 F. App'x at 316 (citing *Thompson v. N. Am. Stainless, LP*, 131 S.Ct. 863 (2011)).

his own May 2008 charge.[26] The City's objection of lack of exhaustion as to these claims is overruled.[27]

The City also argues that the additional adverse employment actions alleged by Zamora are not materially adverse but are "petty slights" and "minor annoyances" under Fifth Circuit authority, and therefore do not support a stand-alone Title VII retaliation claim.[28] The Supreme Court has held that, in order to constitute prohibited retaliation under Title VII, the challenged action must be "materially adverse," meaning that it must be an action that would "dissuade[] a reasonable person from making or supporting a charge of discrimination."[29]  "Context matters," and an action's true impact depends on "a constellation of surrounding circumstances,

---

[26] *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981) ("we hold that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court").

[27] Based on the same reasoning, the Court rejects the City's argument that Zamora's proposed supplemental pleadings are futile because he cannot establish a causal link between the protected activity and the newly alleged actions. Despite the elapsed time between the events of 2007-08 and Zamora's suspension in November 2010, the events involve many of the same facts and Zamora alleges that the later events were caused by his earlier protected activity.

[28] Response, at 7 (citing, *inter alia*, *Stewart v. Miss. Transp. Comm.*, 586 F.3d 321, 331-32 (5th Cir. 2009)).

[29] *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Stewart*, 586 F.3d at 331.

expectations, and relationships."[30] At this pleading stage, Zamora's alleged adverse actions of denied transfers and an IAD complaint cannot be summarily dismissed as petty slights,[31] and denial of supplementation based on futility is not warranted.

### D. **Undue Delay and Lack of Diligence**

The City argues that leave to supplement should be denied because Zamora lacked diligence in seeking leave to supplement. The Court may exercise its discretion to deny leave to amend based on undue delay by the plaintiff.[32]

Based on the rulings above, the supplemental allegations in issue are that Zamora was denied a transfer on September 20, 2010; was charged with untruthfulness on November 15, 2010 and temporarily suspended; and that HPD failed to expunge his disciplinary record after the suspension was overturned on April 28, 2011. The City points out that, since these events occurred, Zamora's retaliation

---

[30] *White*, 548 U.S. at 69.

[31] *See*, *e.g.*, *Stewart*, 586 F.3d at 332 ("Placing an employee on paid administrative leave, however, cannot be said to be a 'petty slight.' Indeed, depending on the circumstances, it may range from a completely benign measure to one that stigmatizes an employee and causes significant emotional distress.").

[32] *Lewis*, 699 F.2d at 239 ("[i]n exercising its discretion, the district court should consider whether permitting the pleading would cause undue delay in the proceedings . . ."). *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (discussing applicable factors under Rule 15(a), which include "undue delay," and stating that "[a]lthough Rule 15(a) does not impose a time limit for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal") (internal citations and quotation marks omitted).

claim was remanded to this Court in June 2011, both parties filed renewed summary judgment motions in July 2011, and the Court denied both motions in September 2011. Nevertheless, Zamora did not move to supplement his pleadings until November 2011. At the Court's conference on November 2, 2011, Zamora stated his intention to file the motion, and the Court set a deadline of November 9, 2011. Zamora filed the motion on that date.

Zamora does not explain his failure to move to supplement his pleadings sooner after the case was remanded to this Court, nor does he explain why he did not seek leave to supplement before the parties filed cross-motions for summary judgment in July 2011. On the other hand, there is no indication, and the City has not argued, that Zamora is acting in bad faith or with dilatory motive. Moreover, since the parties filed their opening briefs on the instant Motion, the Court has extended the litigation deadlines in this case.[33] While there has been delay since the remand, the Court concludes that the delay is not excessive and does not warrant denial of supplementation as to the three remaining allegations. Judicial economy is served by the parties and the Court addressing these issues in one litigation, rather than

---

[33] The parties' summary judgment motions now are due on January 30, 2012; *Daubert* motions are due on February 13, 2012; mediation before Judge Hanks is to be held on or before February 29, 2012; the joint pretrial order is due April 13, 2012; and docket call is set for April 23, 2012, at 3:00 p.m. *See* Order Granting Extension of Deadlines [Doc. # 180].

piecemeal. If the parties require additional time for discovery to address new matters raised in the supplemental pleadings, they may move to extend the deadlines.

## IV.    CONCLUSION

For all of the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Opposed Motion for Leave to Supplement [Doc. # 171] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may file his supplemental complaint provided that he revises it as follows: (1) deletes any claims asserted under the Fair Labor Standards Act and 42 U.S.C. § 1983, (2) deletes any alleged adverse employment actions (other than the May 2008 transfer out of CRU) that occurred before the Second Amended Complaint was filed, and (3) deletes any pleading regarding the seven transfers denied on or before December 17, 2009. Plaintiff may not include in the revised supplemental complaint any allegations or theories that were not included in his proposed supplemental complaint filed on November 9, 2011. Plaintiff is granted leave to file his supplemental complaint. It is further

**ORDERED** that Plaintiff's supplemental complaint, with the revisions ordered above, must be filed **as a separate instrument on the Court's docket** on or before **December 7, 2011**.

SIGNED at Houston, Texas, this **2nd** day of **December, 2011**.

P:\ORDERS\a2006-2007\11-2007\4510supp.wpd     111202.1051         15

Nancy F. Atlas
United States District Judge