IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ZAMORA,** § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | C.A. NO. 4:07-CV-4510 | |
| § | | |
| **CITY OF HOUSTON,** § | | |
| **Defendants.** § | | |

**DEFENDANT CITY OF HOUSTON'S
OBJECTIONS TO REQUEST FOR PRODUCTION**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, as amended, Defendant, City of Houston hereby makes the following objections to Plainitiff's request for production in the above cause:

**I.** **Houston objected to Request for Production Nos. 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, and 25 for the following reasons:**

*Defendant objects to this request because it is overly broad, and seeks information that is neither relevant to the issues disputed in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is outside the scope of permissible discovery, and seeks information beyond the limits described in FED. R. CIV. P. 26.*

Plaintiff did not specifically identify how these requests are relevant to his suit. The sole claim of this case is Title VII retaliation and determining whether the Plaintiff was transferred, suspended, and denied a transfer based on a retaliatory reason or a legitimate business reason. The background information of Plaintiff's superiors while he was assigned to the Crime Reduction Unit is not relevant because it does not relate to any of the claims or

1

defenses in this suit. Likewise, these individuals are not parties to this suit. To obtain non-party personnel records, the requesting party must demonstrate the particular relevance of the personnel records to the issue. *Raddatz v. Standard Registor Co.,* 177 F.R.D. 446, 447-48 (D.Minn. November 24, 1997). Officer Zamora should not be allowed to rummage through these employees' personnel information in the hopes of discovering information that might possibly be relevant to his claim.

This matter was addressed in *Norton v. Assisted Living Concepts, Inc.*, 786 F.Supp.2d 1173, 1181 (E.D. Tex. 2011). In *Norton*, the Court denied the plaintiffs motion to compel the production of her supervisor's entire personnel file, "finding that the resolution of the case should turn on whether or not the defendant employer had a legitimate, non-discriminatory reason to terminate Plaintiff's employment and not on any job performance evaluations of Plaintiff's supervisor who participated in the decision to terminate Plaintiff." Likewise, in this case Plaintiff has not addressed how the background information of his superiors will prove or disprove retaliation and/or a legitimate business reason for the Department's actions.

Instead of explaining the relevance of his requests, Plaintiff focused on listing the type of information that should be contained within an officer's personnel file, pursuant to Section 143.089 of the Texas Local Government Code. This is a red herring. None of the requested information: the officers' disciplinary history, the officers' departmental resumes, and the officers' departmental training records, are required to be contained in an officer's personnel

file pursuant to §143.089. Thus, this information is not subject to public disclosure as Plaintiff insinuates and the Defendant is not required to disclose the information.

**II.    Houston objected to Request for Production Nos. 26, 28, 29, 30, 31, 33, 34, 35. 36, 38, 39, 40, 41, 43, 44, and 45 for the following reasons:**

*Defendant objects to this request because it is overly broad, and seeks information that is neither relevant to the issues disputed in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is outside the scope of permissible discovery, and seeks information beyond the limits described in FED. R. CIV. P. 26.*

Prior to filing this notice with the Court, Plaintiff did not provide any specific reason for requesting this information. It appeared to be nothing more than harassment and a fishing expedition. Thus, Defendants initially objected to the request. After the parties had a teleconference on the matter, Defendant offered to produce the officers' employee resumes. The resumes provide Plaintiff with the officers' tenure with the Department, their evaluation ratings, their discipline history and transfer history. The information contained in the employee resumes is sufficient to make any comparisons for a pretext argument. Without any more specificity, the Defendant is reluctant to produce any additional information.

Plaintiff has not provided Defendant or this Court a reasonable explanation as to why he is entitled to the internal affairs history of these officers. There is no suggestion that any of the actions taken against Plaintiff was based on his internal affairs history.

Moreover, the officers training records are not relevant to any claims in this suit. This is not a failure to train case. In response to Plaintiff's assertion that he needs the training

3

records of all of these officers to determine whether they were qualified to train Plaintiff, Defendant urges that there has not been any claim that these officers received formal training that would assist them in training Plaintiff. Likewise, Plaintiff had the opportunity to depose the supervising Sergeant to ask him why he assigned certain officers to ride with Plaintiff. Therefore there was an opportunity to gain this information in a less intrusive manner. This is merely a fishing expedition for Plaintiff in hopes that he will discover information that might possibly be relevant.

### III. Houston objected to Request for Production Nos. 47, 48, 49, 50, 51, and 52 for the following reasons:

*Defendant objects to this request because it is overly broad, and seeks information that is neither relevant to the issues disputed in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is outside the scope of permissible discovery, and seeks information beyond the limits described in FED. R. CIV. P. 26.*

Plaintiff requests information regarding employment positions that are not a part of this suit. Although Plaintiff sought to add these positions, the Court denied their request and only allowed Plaintiff to supplement his claim for the Narcotics Officer position. Defendant has produced all of the relevant information regarding the Narcotics Officer position that is relevant to Plaintiff's Supplemental Complaint. Additional information requested is not relevant to the claims or defenses of this suit, nor will it lead to the discovery of admissible evidence.

In closing, Defendants would ask this Court to recognize their efforts in trying cooperate with Plaintiff's discovery request. Although this Court has given the parties a

fast-tracked discovery period in this case, Plaintiff has made over one hundred production requests, much of which were cumulative. Throughout discovery, Plaintiff has expanded this case significantly. Defendant initially only had to defend the decision to transfer Plaintiff out of the Crime Reduction Unit, now Defendant has to defend: a code of silence; a temporary suspension; a failure to transfer; and excessive damages. Despite the short discovery period, Defendants have produced over one thousand documents and three depositions have been taken to accommodate the new claims. The parties have been able to reach an agreement on most matters, but this final discovery request has been burdensome and hinging on harassing because of the overly broad requests and Plaintiff's failure to specify the relevance.

    Respectfully submitted,

    DAVID M. FELDMAN
    City Attorney

    LYNETTE K. FONS
    First Assistant City Attorney

    DONALD J. FLEMING
    Senior Assistant City Attorney
    Chief, Labor, Employment & Civil Rights Section

    /s/
    SHANI A. DENNIS
    Assistant City Attorney
    SBN: 24032130
    Fed. Id No.: 30372
    City of Houston-Legal Department
    P.O. Box 368
    Houston, Texas 77001-0368
    (832) 393-6300 Phone (832) 393-6259 Fax
    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of Defendant's Responses and Objections to Plaintiff's Request for Production to Defendant City of Houston has been forwarded to the parties as indicated below, by email and certified mail, on this the <u>29th</u> day of <u>February, 2012</u>.

<u>Via email and certified mail</u>
Kim K. Ogg
The Ogg Law Firm
3215 Mercer, Suite 100
Houston, Texas 77027

                /s/ _____
                Shani A. Dennis